19988.   MORRIS *v.* SHEFFIELD.

Argued February 11, 1958—Decided March 7, 1958—
Rehearing denied March 21, 1958.

64

*Abraham J. Walcoff*, for plaintiff in error.

*Emmett O. Dobbs, Jr., Paul L. Lindsay, Jr.*, contra.

WYATT, Presiding Justice. 1. The plaintiff in error obtained no ruling on her plea to the jurisdiction, but argues in this court that the general demurrer should have been sustained upon this ground, for the reason that it appeared on the face of the petition that she was a resident of Honolulu, Territory of Hawaii, and that the Superior Court of DeKalb County had no jurisdiction of her. We deem it sufficient to say that she could not volun-

tarily come into the courts of DeKalb County seeking affirmative relief, and then contend that the court had no jurisdiction to adjudicate any contention the defendant had as to why she should not be permitted to proceed. The general demurrer raising this question was, therefore, clearly without merit.

2. We have examined the numerous special demurrers and find them all to be without merit.

3. We now consider the judgment rendered in this case, as follows: "After consideration, it appears that the plaintiff wilfully violated the order of this court and her solemn agreement by taking said minor child out of the State of Georgia and thereby preventing the defendant father from seeing his child. Plaintiff continues to *absent* herself from this State while seeking to collect the alimony from the defendant. Defendant is able and willing to abide by the order of this court and pay the alimony if the plaintiff will bring his child back. To defy the order of court on one hand and on the other ask for aid is so contrary to equity and good conscience the court is of the opinion that it would constitute a legal wrong.

"Therefore, the judgment of July 22, 1957, is vacated and set aside until further (order) of court."

It will be noted that the judgment under review did not alter the original alimony judgment, and in no way relieves the father from complying with the judgment, but simply provided that, so long as the plaintiff in the alimony proceedings openly defied her agreement and an order of court, she could not resort to the very court she thus defied to enforce any right she had under the judgment. It does not appear that the child is in any way destitute or is not being cared for. If this appeared, the court would probably have authority to make some other provision by virtue of which the child could receive the support.

The many decisions cited by the plaintiff in error dealing with the authority of the court to modify or change a final decree in a divorce and alimony case have no application here for the very good reason the judgment under review did not do that. For the same reason, we do not pass upon the question as to whether or not the facts alleged show a temporary absence from the jurisdiction of the court on the part of the wife and child, or whether the facts alleged would authorize the judge to

change the custody of the child because of a change in conditions affecting the welfare of the child. We have found no case dealing with the factual situation here presented, and none has been called to our attention. We do find decisions which, while not dealing with the exact question here presented, do contain language illustrative of the thinking of the court on the question. In *King* v. *King*, 202 *Ga*. 838 (2) (44 S. E. 2d 791), this court said: "It is thus against the policy of the law to permit removal of a child from the jurisdiction of the State unless its welfare would be better served thereby, although such removal may be permitted by the Court in its discretion, in a proper case." In *Stout* v. *Pate*, 209 *Ga*. 786 (1) (75 S. E. 2d 748), this Court said: "While a change of residence of one of the parents, in and of itself —if there be nothing in the previous order preventing the removal of the children from the State—would not be such a change of circumstances and conditions affecting the interest and welfare of the children as to authorize a modification of the judgment for that reason alone." See also, *Pruitt* v. *Butterfield*, 189 *Ga*. 593 (6 S. E. 2d 786), and *Stallings* v. *Bass*, 204 *Ga*. 3 (48 S. E. 2d 822).

In the instant case, the wife voluntarily agreed not to remove the child from the State of Georgia. She permitted this agreement to be made the judgment of the court. After she had married again, and wanted to remove from the State, she petitioned the court to modify the original judgment so that she could take the child out of the State. Her petition was dismissed upon demurrer, thus denying her prayer. She did not except to this judgment, but proceeded to take the child from the State of Georgia in defiance of her agreement and two judgments of the superior court. She then comes into the very court that she thus openly defies and seeks to enforce the portion of the judgment that is favorable to her. The court denied her the processes of the court to enforce her judgment so long as she openly defied its judgments except in so far as they were favorable to her. We think the court had this right. It follows, the judgment under attack was not error for any reason assigned.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*