21275. ROBERTS v. MANDEVILLE.

ARGUED JUNE 12, 1961—DECIDED JULY 6, 1961.

O. W. Roberts, Jr., for plaintiff in error.

Gilbert & Head, contra.

QUILLIAN, Justice. Where a father has been required by a final decree in a divorce case to pay a designated amount periodically as permanent alimony for the support of the minor children of the marriage, he may in a proper action brought under Code Ann. §§ 30-220, 30-221, 30-222, 30-223, 30-224, and 30-225 (Ga. L. 1955, pp. 630-632, as amended by Ga. L. 1957, pp. 94-96), show that his financial condition has changed, and obtain a judgment decreasing the amount he must pay. However, until and unless such proceedings are instituted conformant with the provisions of Code Ann. § 30-220, supra, the original permanent-alimony decree is res judicata as to the amount the father must pay for the support of the children.

On the hearing of a contempt case filed by the children's mother on the grounds that the father has failed to pay the alimony for their support as required by a previous divorce and .alimony decree, if such former decree did not reserve such authority in the judge, the rule is as stated in Banda v. Banda, 192 Ga. 5, 6 (14 SE2d 479): "After a decree for permanent alimony has become absolute, there is no authority given under the law by which a trial court is empowered to abrogate or modify the obligation imposed by the decree, unless such a right has been reserved by consent of the parties in the final decree itself." Hardy v. Pennington, 187 Ga. 523, 525 (1 SE2d 667); Breen v. Breen, 208 Ga. 767 (69 SE2d 572). For the evolution of this doctrine, see similar holdings in: Wilkins v. Wilkins, 146 Ga. 382 (91 SE 415); Gilbert v. Gilbert, 151 Ga. 520 (107 SE 490); Deaderick v. Deaderick, 182 Ga. 96, 97 (185 SE 89); and Fricks v. Fricks, 215 Ga. 137 (109 SE2d 596).

The judgment assigned as error in this case did not merely permit the defendant presently to purge himself of contempt by paying an amount less than he was obligated to pay under the previous decree. It went further and undertook to modify the

previous decree by allowing the defendant to pay $600 in complete satisfaction of $1,400 then in arrears and required by the mandate of the former decree.

For this reason, the judge erred in entering the judgment, and his ruling so far as it related to the reduction of the alimony the defendant must pay for the support of the children must be reversed. However, the adjudication that the defendant was in contempt was demanded by the evidence and therefore will not be disturbed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*