## 22176. BOOKER v. BOOKER.

ARGUED SEPTEMBER 10, 1963—DECIDED OCTOBER 16, 1963.

*Hitch, Miller, Beckmann & Simpson,* for plaintiff in error.
*Lewis, Wylly & Javetz,* contra.

HEAD, Presiding Justice. Elfrieda Schroder Booker filed an application for attachment for contempt against Joseph Amos Booker for failure to provide "sufficient clothing . . . or other necessities of life, such as drugs, hair cuts, dental work, and dry-cleaning of clothing" for their minor child, Steven Wayne Booker. It was alleged that the defendant had "knowingly and wilfully failed and refused" to comply with a divorce decree of June 8, 1959. During the contempt hearing the plaintiff amended her application by alleging that their son, Randall Sulter Booker, resided with her from December 15, 1961, through January, 1963, and that during that time the defendant failed and refused to give the plaintiff any moneys for his maintenance or living expenses.

On April 25, 1959, prior to the divorce proceedings, the parties entered into an agreement settling their property rights. Paragraph 3 of this agreement is as follows: "Custody, with respect to education, and any and all living expenses of every kind, at all times, shall be in the Father, J. A. Booker, which responsibility shall continue on the same unlimited basis as before this decree. When at boarding schools as at present, the Father shall be responsible for all tuition and all other expenses. When at home, whether living with the Mother or Father, the Father shall be responsible for all living and maintenance expenses of all kinds." On June 6, 1959, the parties entered into an agreement, in which it was provided in paragraph 3: "The Father will make available to the mother either through the children or directly the sum of $60.00 per month for each child while living with the mother to compensate for expense of board, lodging and laundry." The divorce decree between the parties, dated June 8, 1959, made

the agreement of April 25, 1959, a part of the decree of the court.

After a lengthy hearing on the matter, the trial judge entered an order finding that the defendant had paid to the plaintiff the sum of $60 per month for the expense of board, lodging, and laundry for their son Steven; that the evidence indicated that the defendant had paid some, but not all, of the other expenses of living and maintenance of the minor child, Steven; that as of the date of the hearing the defendant was in default in the sum of $400; that numerous demands had been made on the defendant by the plaintiff for the various items comprising the default, but that the defendant had, without just cause, failed to comply with the demands; that the evidence indicated that the cost of "all living and maintenance expenses of all kinds" over and above the $60 provided for board, lodging, and laundry, amounts to $65 per month, making a total of $125 per month that the defendant should be paying to the plaintiff for all living and maintenance expenses of all kinds of the minor child, Steven. It was adjudged that the defendant was in contempt of court for failure "to pay other expenses in the sum of $400.00," in compliance with the divorce decree of June 8, 1959, and the defendant was given 60 days in which to purge himself of contempt by paying this amount to the plaintiff. It was further ordered that the defendant pay to the plaintiff $60, in compliance with the agreement of June 6, 1959, for board, lodging, and laundry, and an additional sum of $65 per month for other expenses, and that the defendant shall be responsible for all unusual medical expenses and all expenses incurred for educational purposes. The defendant was ordered to pay attorneys' fees to counsel for the plaintiff. The defendant in his bill of exceptions assigns error on this order in several particulars.

Where the parties in a divorce proceeding enter into a contract settling between themselves the questions of alimony, custody, and support of their minor children, the court may in its discretion approve the agreement in whole or in part, or refuse to approve it as a whole. If any change is made in the agreement as incorporated in the decree which makes the decree conflict with the agreement of the parties, the words of the decree will control. *Amos v. Amos*, 212 Ga. 670, 671 (2) (95 SE2d 5). In

the present case the parties entered into two agreements prior to the decree of the court, one of which was made a part of the decree of divorce. Since the agreement which was made the judgment of the court can be reconciled without conflict with the agreement of June 6, 1959, the trial court properly held that the agreement that the defendant should pay $60 per month for "board, lodging and laundry" for each child while living with the plaintiff was binding on the parties; and that the defendant was further obligated for other "living and maintenance expenses" not included in the three specific items.

The evidence in the case presents a dismal picture of constant disputes and bickering between the parties in regard to the items of expense which the defendant was obligated to pay. It is easy to understand why the trial judge deemed it desirable to have a fixed amount to be paid each month, rather than this indefinite sum. However, the trial judge on a contempt proceeding has no discretion to modify the terms of a decree for divorce and alimony. *Roberson v. Roberson,* 210 Ga. 346 (80 SE2d 283); *Roberts v. Mandeville,* 217 Ga. 90 (121 SE2d 150). Under the terms of the alimony decree, the additional payment above the $60 per month for each child for "board, lodging and laundry" would have to be determined by the actual expenses incurred, and it was error for the trial judge to set an amount in lieu of the actual expenses incurred.

Whether or not the defendant in the present case was in contempt of court for failure to pay alimony presents a rather unusual question. In *Thomas v. Holt,* 209 Ga. 133 (2) (70 SE2d 595), it was stated: "The purpose and intent of the provisions in *Code* §§ 30-207 and 30-215 is to relieve the father of his common-law liability to support his minor child or children, and substitute therefor a liability by virtue of a court decree, whereby he is required to contribute a specified amount at fixed intervals to the person having the custody of such child or children, . . ." The decree in the present case, as previously shown, did not specify any definite amount to be paid at fixed intervals, but left the amount in the same indefinite state as if the parties had not been divorced.

It appears from the evidence that the defendant has paid many

thousands of dollars for the education and living expenses of his sons since the divorce decree in 1959. The evidence of the plaintiff, both oral and documentary, in regard to the items of living expense chargeable to the defendant, is very confusing. There are items listed that might not properly be chargeable to the living expenses of the sons, and the evidence is vague and uncertain as to items properly due and unpaid. There is no indication in the order of the trial judge as to the items that were approved and those that were disapproved, and the sum of $400 found by the trial judge to be due by the defendant does not appear to be based upon the approval of any specific items claimed to be due by the plaintiff.

Due to the uncertainty of the plaintiff's testimony, we remand the case to the trial court for a further hearing as to the amount of alimony in arrears, and a reconsideration of the claim for attorney's fees for the plaintiff. We direct that if the trial judge at a subsequent hearing finds that the defendant is in arrears in the payment of alimony, he indicate in his order which items are approved and which are disapproved.

The motion to dismiss the writ of error is without merit.

*Judgment reversed. All the Justices concur.*