22580.   VICKERS v. VICKERS.

Submitted September 14, 1964—Decided September 28, 1964.

*Joe W. Rowland,* for plaintiff in error.

*B. B. Hayes,* contra.

HEAD, Presiding Justice. The father in his response prayed that "the aforesaid payment be reduced to an amount commensurate with defendant's ability to pay." Until proceedings are instituted to modify the alimony award pursuant to the provisions of Ga. L. 1955, pp. 630-632, as amended by Ga. L. 1957, pp. 94-96 (*Code Ann. Supp.* §§ 30-220—30-225), and a judgment decreasing the amount is duly entered, the original alimony decree is res judicata of the amount the father must pay for the support of his children. *Roberts v. Mandeville,* 217 Ga. 90, 92 (121 SE2d 150). The trial judge on a contempt proceeding has no discretion to modify the terms of a decree for divorce and alimony. *Booker v. Booker,* 219 Ga. 358, 360 (133 SE2d 353).

The father now relies primarily upon a copy of his 1963 Fed-

eral income tax return to show that he is unable to comply with the payments as fixed by an order of the court on May 28, 1960. The copy of the father's Federal income tax return shows that his net income for the year 1963 was $1,224. The return shows an inventory of $1,208.50 at the end of the year 1963. The father's testimony does not show the amount of his inventory at the time of the hearing on May 7, 1964. Neither the return, nor the father's testimony, shows the amount of his cash on hand or in the bank at the time of the hearing, nor what amount, if any, had been collected on the "bad debts" of $388.70 claimed as a credit on his return for 1963.

The father's testimony was wholly insufficient to show conclusively or affirmatively that he was unable to comply with the former judgment of the court. *Shahan v. Shahan,* 204 Ga. 342 (49 SE2d 822); *Simmons v. Simmons,* 208 Ga. 51 (64 SE2d 896); *Dickens v. Dickens,* 211 Ga. 796 (89 SE2d 161); *Weiner v. Weiner,* 219 Ga. 44 (131 SE2d 561). The judgment of the court holding him in contempt, therefore, will not be reversed by this court.

*Judgment affirmed. All the Justices concur.*