### 24005. HUNNICUTT v. SANDISON.

Submitted March 14, 1967—Decided April 6, 1967—Rehearing denied April 20, 1967.

*Roland P. Smith,* for appellant.

*Westmoreland, Hall & Pentecost,* for appellee.

Cook, Justice. ■ In the first and second assignments of error the appellant contends that it was contrary to law and the weight of the evidence to change the custody of the minor child, Gregg Hughes Hunnicutt, from the appellant to the appellee in the contempt proceeding. In assignments 4 and 5 it is claimed that the judge erred in changing the custody of the minor child, because the evidence showed no material change of circumstances affecting the welfare of the child, and because the appellee is not a fit and proper person to have custody of the child.

The order appealed from in the present case made no change in the custody of the minor child, Gregg Hughes Hunnicutt. The agreement of the parties, which was made the judgment of the court in the divorce case, provided that the appellant would have custody of the minor children of the parties so long as he did not remarry, and that in the event he remarried, the

appellee would have custody of the children who were then minors. The appellant has remarried, and the minor child Gregg Hughes Hunnicutt (17 years of age) voluntarily moved to the home of the appellee, and he was in her custody at the time of the contempt hearing.

Counsel for the appellant cites a number of cases holding that a judgment granting permanent custody of minor children is conclusive on the facts then existing, and the trial court can not retain jurisdiction in order to alter or change the custody at some time in the future. See *Burton v. Furcron,* 207 Ga. 637 (63 SE2d 650); *Goodloe v. Goodloe,* 211 Ga. 894 (89 SE2d 654). This principle of law is not applicable in the present case. The agreement of the parties, which was made the judgment of the court in the divorce case, did not attempt to provide for a future determination of the rights of the parties on the happening of a future event, but made definite provision for custody in the appellant until his remarriage, and, in the event of his remarriage, it placed the custody of the children, then minors, in the appellee. Compare *Brooks v. Thomas,* 193 Ga. 696 (19 SE2d 497).

The only question before the trial judge in the present case was the determination of whether the appellant should be held in contempt for failure to make alimony payments, and the judge made no determination, and he was not authorized to make any, as to whether there had been any material change in circumstances affecting the minor child since the divorce decree, or as to the fitness of the parent having custody of the minor.

■ In the third assignment of error it is asserted that the judge erred in finding the appellant in contempt for failure to pay support and maintenance for the minor child. In the sixth assignment it is contended that it was error to decree the sum of $250 per month for future support and maintenance. In the seventh assignment it is claimed that it was error to find that the appellant was in contempt for failing to provide $4,346 as support and maintenance, for the reason that this sum is excessive, unreasonable, and against the weight of the evidence.

The appellant admitted that he had made no attempt to reimburse the appellee for expenses of his minor son since the

son moved to the home of the appellee. It was his contention that the permanent custody of the minor had not been transferred to the appellee, and that he was not obligated to provide for his son's maintenance under these circumstances.

In *Booker v. Booker,* 219 Ga. 358 (133 SE2d 353), this court had under consideration an order holding a father in contempt for failure to pay "living and maintenance expenses" for his minor child. In the *Booker* case this court pointed out that the decree, which was based on an agreement of the parties, "did not specify any definite amount to be paid at fixed intervals, but left the amount in the same indefinite state as if the parties had not been divorced." While the *Booker* case was remanded for a further hearing as to the amount of alimony in arrears, it was not held in that case that the indefiniteness of the alimony provision would prevent the court from holding the father in contempt for failure to pay the expenses for which he was obligated under the divorce decree.

Since the appellant in the present case had made no attempt to comply with the provision of the divorce decree with reference to the payment of "necessary and reasonable expenses for the support, maintenance and education" of his minor son, it was proper to hold him in contempt of the order in the divorce decree.

The appellee testified that in the period of approximately ten months that the minor child had been living with her she had spent $4,346 for maintenance, car costs, school allowance, medical and dental expenses; and the judge held the appellant in contempt for failure to pay this amount. She testified that this amount included the cost of a small automobile which she bought in order that her son might go back and forth from her home to the school he was attending at the time he came to her home. She stated that this arrangement was for the ten weeks until he finished at that school, and that the automobile was sold when the son entered Riverside Academy.

What may be considered "necessary and reasonable expenses for the support, maintenance and education" of the minor child presents a difficult question for this court, as it did, no doubt, for the trial judge. Under the testimony of the appellee, the

judge was authorized to find that the amount of $4,346 was not excessive under the agreement of the appellant to pay "necessary and reasonable expenses for the support, maintenance and education" of his minor son, and the judge did not err in holding the appellant in contempt for failure to pay this amount.

In the *Booker* case, supra, as in the present case, the trial judge attempted to set a definite amount which the father should pay each month for the future support of his minor child. With reference to this provision in the order finding the father in contempt, this court held (p. 360): "The evidence in the case presents a dismal picture of constant disputes and bickering between the parties in regard to the items of expense which the defendant was obligated to pay. It is easy to understand why the trial judge deemed it desirable to have a fixed amount to be paid each month, rather than this indefinite sum. However, the trial judge on a contempt proceeding has no discretion to modify the terms of a decree for divorce and alimony. *Roberson v. Roberson,* 210 Ga. 346 (80 SE2d 283); *Roberts v. Mandeville,* 217 Ga. 90 (121 SE2d 150)."

In the present case the judge was without authority in the contempt proceeding to fix the sum of $250 per month for the future support and maintenance of the minor son of the appellant.

■ The final assignment of error is that the judge erred in allowing attorney's fees in the amount of $500, because the allowance is contrary to law, excessive, and contrary to the weight of the evidence. The appellee is entitled to reasonable attorney's fees in the prosecution of her action for contempt. Ga. L. 1947, p. 292 (*Code Ann.* § 30-219). The amount of $500 does not appear to be excessive in this case, and it was not error to allow this amount of attorney's fees to the appellee.

■ The order of the trial judge in the contempt proceeding is affirmed, except that portion which attempted to modify the decree in the divorce action. No further hearing is necessary in the matter, and we therefore affirm the judgment, with direction that the judge strike from the order the provision for the payment of $250 per month until the minor child reaches the age of 21 years.

*Judgment affirmed with direction. All the Justices concur.*