## 24492. EDWARDS v. EDWARDS.

SUBMITTED FEBRUARY 12, 1968—DECIDED APRIL 5, 1968.

*Smith, Gardner, Wiggins & Geer, M. M. Wiggins, Jr.,* for appellant.

*S. B. Lippitt, Sr.,* for appellee.

FRANKUM, Justice. Helene R. Edwards filed a petition by which she sought to have Gerald B. Edwards held in contempt of court for his alleged failure and refusal to comply with the terms of a decree of court rendered in 1961 in a divorce case whereby a divorce was granted between her and the respondent. She alleged that in the divorce decree the court "ordered the [respondent] to pay [her] the sum of $500 per month for the support of the minor children of the parties" and that respondent had "failed and refused to comply with the terms of said order and still continues and refuses to comply with the same, and that the [respondent] is in arrears in the total sum of $3,595." The respondent filed defensive pleadings in which, insofar as is material here, he asserted that he had "fully accounted to Helene R. Edwards for all sums due under" the divorce decree; that he was not in default, and that he had overpaid her in the amount of $1,316.74. Upon the hearing the parties introduced evidence in support of their respective contentions and the court in passing upon the case held: "Under the evidence in this case, the court would not be authorized to find that the failure, if any, to comply with the order of the court by Gerald B. Edwards was because of unwillingness on the part of the respondent, or because of a wilful disobedience of the decree of the court by the respondent," and dismissed the contempt proceedings. The petitioner appealed from that judgment.

The appellant contends that the court erred in holding that the respondent was not in contempt of court without making any decision as to whether he had or had not complied with

the decree requiring him to pay to her support money for their minor children. With this contention we agree. As pointed out above, the respondent contended that he had paid the petitioner all sums he was due to have paid to her under the decree and that he had in fact overpaid her in the amount of $1,316.76. He did not plead inability to comply with the decree. Thus, it will be seen that the pleadings clearly and unmistakably presented to the court the issue of whether the respondent had paid the support money he was required to pay under the decree or whether he had failed to pay. Generally, where it appears in a case such as this that the decree of the court requiring the payment of support money has not been complied with, the only issue is the ability or inability of the respondent to pay the amount he had been ordered to pay. See *West v. West,* 199 Ga. 143 (1) (33 SE2d 292); *Coleman v. Coleman,* 205 Ga. 92 (52 SE2d 438). Although the respondent testified that he "had no intention to disobey any court order in this case and had no such intention at any time, nor does he now wilfully refuse to obey the order of the court," his pleaded defense was, insofar as pertinent, in the nature of a plea of payment, and, the evidence in the main was directed towards that issue. Thus, it will be seen that both the pleadings and the evidence presented a clear-cut issue to the court as to whether the respondent had paid to the petitioner all of the support money required by the divorce decree to be paid to her.

The judgment of the court should respond to the issues made by the pleadings and the evidence and adjudicate all the issues thus made. See *Tompkins v. Corry,* 14 Ga. 118 (2); *Wood v. McGuire's Children,* 17 Ga. 361 (1) (63 AD 246); *Southview Cemetery Assn. v. Hailey,* 199 Ga. 478, 483 (8) (34 SE2d 863) and *Booker v. Booker,* 219 Ga. 358 (133 SE2d 353). On a hearing to determine whether one is in contempt of court for failure to pay money he had previously been, by order of court, directed to pay to another, the court should first determine whether or not there had been a failure to comply with the previous order. If such order had been complied with, there would be no contempt, but if there had not been a full compliance with the order, the court should first find the exact

amount which was in arrears and then proceed to determine the question of contempt. "The rule for contempt, where one fails to pay alimony by order of the court, being a remedial proceeding to enforce the payment of the money ordered, the respondent is purged of the civil contempt whenever the money is shown to have been paid before final judgment. *Chittenden v. Brady,* 2 Ga. Dec., 219, pt. 2 and cases cited." *Davis v. Davis,* 138 Ga. 8, 11 (74 SE 830).

Therefore, we reverse the judgment of the trial court with direction that the court determine from the evidence adduced upon the trial, or in the discretion of the trial judge, conduct another hearing, after due notice to the respective parties, and adjudicate whether or not the respondent had complied with the previous decree. If so, he should be discharged and the contempt proceeding dismissed, but if the respondent has failed to fully comply with such decree, then the court should proceed to determine the exact amount by which he is in arrears in the payments due and adjudicate as to that amount and then determine whether the respondent is in contempt.

*Judgment reversed with direction. All the Justices concur, except Duckworth, C. J., Grice and Undercofler, JJ., who dissent.*