## 24771. BEACH v. BEACH.

Argued September 13, 1968—Decided October 10, 1968—
Rehearing denied November 7, 1968.

*Burruss, Bell & Nylen, Stanley H. Nylen, Ray B. Burruss, Jr.,* for appellant.

*John C. Tyler,* for appellee.

MOBLEY, Justice. William Whitaker Beach appealed from an order finding him in contempt of court for failure to pay a debt owed by his former wife, Aurelia S. Beach, and ordering him to pay $250 as attorney's fees.

In the divorce and alimony action between the parties an agreement between them was made the judgment of the court, and in this agreement the appellant agreed "to be responsible for and pay all joint and individual debts incurred by the parties, as of 8:30 P.M. September 6, 1965, with the exception of any individual charges or debts made by the wife since 8:30 P.M. July 1, 1965." In the contempt action under review the appellee sought to have the appellant adjudged in contempt for failure to pay an indebtedness of $2,000 evidenced by a promissory note executed by her to Mr. Hamilton Harris, dated February 6, 1959.

The appellant filed a plea of res judicata, asserting that in a former petition for rule for contempt the appellee under oath had stated that her total joint and individual debts as covered by the agreement were in a stated amount, and the appellant was ordered to pay specified debts, which did not include the indebtedness of $2,000.

The appellant enumerates as error the failure to sustain his plea of res judicata, and the award of attorney's fees.

■ The appellant relies on *Jones v. Schacter,* 29 Ga. App. 132 (114 SE 59), holding that a judgment rendered in litigation arising under a contract is conclusive of all of the accrued rights of the parties arising under the contract, whether they were actually inquired into or not, and that such judgment may be pleaded as res judicata in a subsequent suit between the parties arising under the same contract. This principle is not applicable to the facts of the present case.

The judgment making the agreement of the parties the judgment of the court in the divorce and alimony action was the final adjudication of the liability of the appellant, and a proceeding to hold him in contempt was merely one method of

enforcing that judgment. It has been repeatedly held that the trial judge has no authority in a contempt proceeding to modify the terms of a divorce and alimony judgment. *Roberts v. Mandeville,* 217 Ga. 90 (121 SE2d 150); *Booker v. Booker,* 219 Ga. 358, 360 (133 SE2d 353); *Vickers v. Vickers,* 220 Ga. 258, 259 (138 SE2d 308). The order in the former contempt case adjudging the defendant in contempt and allowing him to purge himself of contempt by the payment of specified debts of the wife, which did not include the promissory note which he was ordered to pay in the present contempt proceeding, could not reduce the amount he was obligated to pay on her indebtedness under the terms of the decree, but only imposed terms under which he could purge himself of the charge of contempt. *Curtright v. Curtright,* 187 Ga. 122 (3) (200 SE 711). It was therefore not error to fail to sustain the plea of res judicata.

■ It is provided in Ga. L. 1947, p. 292 (*Code Ann.* § 30-219) that in all cases "wherein alimony has been awarded to any wife . . . against any defendant in any suit for divorce, . . . and the defendant shall have failed to pay such alimony and he shall be cited for contempt before the court for having failed to make payment of such alimony, if upon the hearing of such proceedings it is found that the husband has failed to pay the alimony awarded against him, . . . for no justifiable reason, the court shall award to the attorney for the wife . . . in such proceedings a reasonable fee of not less than $25 against the defendant."

It is contended by the appellant that the obligation to pay the debts of the appellee was not "alimony" as contemplated by the foregoing provision of law. Counsel for the appellant cite *Shepherd v. Shepherd,* 223 Ga. 609 (2) (157 SE2d 268), where it was held: "The nonpayment of alimony may be punished by contempt regardless of whether the final order of the court commands its payment, but the other provisions of a settlement agreement can not be enforced by contempt where neither the agreement nor the final decree commands the performance of such provisions." The obligation in the *Shepherd* case was a sum of money designated as "property settlement."

In the present case the order of the judge in the divorce and

alimony action ordered the parties to abide by all the terms and stipulations of the agreement, and the refusal by the appellant to discharge his obligations under the agreement, which had been made the judgment of the court, was enforceable by rule for contempt. The obligation of the appellant to pay the debts of the appellee was an element of support for the appellee (*Code* § 30-201), and was "alimony" as contemplated by *Code Ann.* § 30-219.

On the trial of the present contempt matter the appellant did not contend that the promissory note of the appellee was not an outstanding obligation covered by the agreement which had been made the judgment of the court in the divorce action, and he did not show that he had failed to pay the indebtedness for any justifiable reason. It was not error to require him to pay $250 as fees for the appellee's attorney.

*Judgment affirmed. All the Justices concur.*