## 28121. ANDERSON v. ANDERSON.

SUBMITTED JULY 27, 1973 — DECIDED SEPTEMBER 5, 1973.

*Scott Walters, Jr.,* for appellant.
*Wendell C. Lindsey,* for appellee.

MOBLEY, Chief Justice. In October, 1968, in a divorce action between the parties to this appeal, an agreement of the parties was made the judgment of the court, and in this agreement the father was required to pay $75 per week for the support of his three minor children.

In February, 1973, the mother filed a motion to adjudicate the father in contempt, alleging that he was in arrears in the sum of $10,170 in his payments on this judgment.

After hearing the matter, the trial judge found that: The father is in arrears in the sum of $10,170. Shortly after the divorce decree was entered, criminal proceedings were brought against the father in the Criminal Court of Fulton County for nonsupport of his minor children, and he was found guilty and placed on

probation under the requirement that he pay $40 per week child support. He is now in arrears under that order in the sum of $2,010. He has failed to give any legal justification or excuse for his failure to pay child support as required under the divorce decree or the criminal court probation order.

The judge found the father in contempt of court, and ordered that he be confined in jail for a period not to exceed 15 days, or until he pays the sum of $200 on the arrearage.

The judge further ordered that thereafter the child support payments be reduced to $40 per week, and "that all arrearage over the above the sum of $2,010 is hereby written off and forgiven by this court." The mother appeals from this portion of the judgment.

In *Roberts v. Mandeville*, 217 Ga. 90 (121 SE2d 150), it was held: "In a contempt case filed by the mother of three children on the ground that the father had failed to pay alimony for their support, the trial judge may not modify the original decree by allowing the father to pay a lesser sum in complete satisfaction of a total amount, due and in arrears and required by the mandate of a previous decree. For, after a decree for permanent alimony has become absolute, there is no authority given under the law by which a trial court is empowered to abrogate or modify the obligation imposed by the decree, unless such a right has been reserved by consent of the parties in the final decree itself, or an action is brought as provided under Code Ann. §§ 30-220 through 30-225." See also: *Booker v. Booker*, 219 Ga. 358, 360 (133 SE2d 353); *Vickers v. Vickers*, 220 Ga. 258, 259 (138 SE2d 308); *Beach v. Beach*, 224 Ga. 701, 702 (1) (164 SE2d 114).

The trial judge in the present case was without authority to "forgive" a portion of the amount that the father had failed to pay on the judgment for the support of his minor children; and had no right to reduce the amount that would be due in the future, since no

proceeding had been brought under Code Ann. § 30-220 et seq. (Ga. L. 1955, pp. 630-632, as amended) for that purpose.

No attack is made on the remainder of the judgment holding the father in contempt, and specifying the terms under which he could purge himself from contempt.

*Judgment affirmed in part; reversed in part. All the Justices concur.*