### 30838. ARNOLD v. ARNOLD.

NICHOLS, Chief Justice.

Mildred Thompson Arnold filed a complaint in which she sought to have Jerone Arnold held in contempt of court for failure to pay alimony as required by a decree entered April 1, 1970. After hearing the trial court entered an order in which it denied the motion for contempt, ordered the defendant to pay the plaintiff the total sum of $400 in monthly installments of $50 per month from January 1, 1976 until August 1, 1976,

ordered that child support be reduced from $300 per month to $200 per month and ordered that the custody of the couple's 16-year-old child continue in the defendant. The appeal is from this judgment.

1. The original decree provided that the husband should pay "the sum of $300.00 per month for the support and maintenance of the minor children of the parties . . ." without specifying that any specific amount was awarded for each child.

Under the decisions exemplified by *Blalock v. Blalock,* 214 Ga. 586 (4) (105 SE2d 721) (1958); *Adams v. Adams,* 225 Ga. 375 (169 SE2d 160) (1969); *Lord v. Lord,* 231 Ga. 164 (200 SE2d 759) (1973), the lump sum awarded as monthly child support for the support of the three children cannot be prorated merely because custody of one of such children has been placed in the father. Nor, under decisions exemplified by *Taylor v. Taylor,* 216 Ga. 767 (119 SE2d 571) (1961); and *May v. May,* 229 Ga. 832 (195 SE2d 7) (1972), can credit be given the father for money voluntarily spent for food and clothing for a child while in his home so as to deprive the former wife of the support for the children provided by the divorce decree.

While the former husband may not be in wilful contempt of court for failure to pay child support where he has had custody of one of the children, although such custody was without the court's approval (see *Biggers v. Biggers,* 222 Ga. 139 (149 SE2d 98) (1966)), the failure of the trial court to hold the former husband in wilful contempt of court does not relieve his obligation to make such payments under the original divorce decree. See *Combs v. Combs,* 216 Ga. 715 (119 SE2d 341) (1961). Nor, in a contempt proceeding does the trial court have authority to modify the terms of a divorce decree. *Beach v. Beach,* 224 Ga. 701 (164 SE2d 114) (1968); *Herrington v. Herrington,* 231 Ga. 177 (200 SE2d 867) (1973); *Groover v. Simpson,* 234 Ga. 714 (217 SE2d 163) (1975). Accordingly, the trial court erred in entering a judgment which modified the original divorce decree by reducing the amount of child support from $300 per month to $200 per month.

2. In *Edwards v. Edwards,* 224 Ga. 224 (160 SE2d 830) (1968), this court held: "The judgment of the court

should respond to the issues made by the pleadings and the evidence and adjudicate all the issues thus made. See *Tompkins v. Corry,* 14 Ga. 118 (2); *Wood v. McGuire's Children,* 17 Ga. 361 (1) (63 AD 246); *Southview Cemetery Assn. v. Hailey,* 199 Ga. 478, 483 (8) (34 SE2d 863) and *Booker v. Booker,* 219 Ga. 358 (133 SE2d 353). On a hearing to determine whether one is in contempt of court for failure to pay money he had previously been, by order of court, directed to pay to another, the court should first determine whether or not there had been a failure to comply with the previous order. If such order had been complied with, there would be no contempt, but if there had not been a full compliance with the order, the court should first find the exact amount which was in arrears and then proceed to determine the question of contempt." The pleadings in *Edwards* raised the issue of the amount of arrearage and the judgment of the trial court failed to make any finding on such issue. Therefore, as was held in that case "[w]e reverse the judgment of the trial court with direction that the court determine from the evidence adduced upon the trial, or in the discretion of the trial judge, conduct another hearing, after due notice to the respective parties, and adjudicate whether or not the respondent had complied with the previous decree. If so, he should be discharged and the contempt proceeding dismissed, but if the respondent has failed to fully comply with such decree, then the court should proceed to determine the exact amount by which he is in arrears in the payments due and adjudicate as to that amount and then determine whether the respondent is in contempt."

Inasmuch as there is no transcript in this court of the hearing conducted by the trial court in this case, the remaining enumerations of error, all of which require a consideration of the evidence, cannot be considered.

*Judgment reversed with direction. All the Justices concur.*

ARGUED MARCH 16, 1976 — DECIDED APRIL 6, 1976.

*James W. Lewis,* for appellant.
*Raymond J. Azar,* for appellee.