## 32363. LYNN v. NABORS.

UNDERCOFLER, Presiding Justice.

This appeal arises out of a petition by the husband to modify a permanent child support judgment. The judgment was entered in 1975 upon a jury verdict in a divorce and alimony action. In this modification proceeding the wife has demanded a jury trial. At a preliminary hearing the trial judge restrained the wife from enforcing the child support judgment by contempt or otherwise until the modification proceeding was resolved. He ruled also that the court was authorized to grant the husband a temporary modification of the child support judgment pending the jury trial. The wife appeals. We reverse.

The permanent child support judgment is res judicata and enforceable until modified, vacated or set aside. *Allen v. Withrow,* 215 Ga. 388, 390 (110 SE2d 663) (1959). We find no authority permitting a temporary modification of such judgment. Until a final decree amending the child support is properly entered in the modification proceeding the permanent judgment stands. *Vickers v. Vickers,* 220 Ga. 258 (138 SE2d 308) (1964). A child support judgment can not be modified retroactively. *Butterworth v. Butterworth,* 228 Ga. 277, 279 (3) (185 SE2d 59) (1971). Accordingly we hold that in a proceeding to modify a permanent child support judgment the trial court is without authority to temporarily modify such judgment and is without authority to restrain its enforcement.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs specially.*

ARGUED JUNE 13, 1977 — DECIDED SEPTEMBER 7, 1977.

*Westmoreland, Hall, McGee & Warner, Harry P. Hall, Jr., Glenda Sullivan,* for appellant.
*Troutman, Sanders, Lockerman & Ashmore, Ethel Andersen,* for appellee.

HILL, Justice, concurring specially.

I concur in the judgment of the court. The trial judge based his restraining order upon the power and authority of the court to enjoin enforcement of a judgment. I agree with the trial judge that the superior courts have such power. Code § 55-101. However, those exceptional circumstances essential to the issuance of such an injunction have not been shown here.