373 So.2d 1388 (1979)
Barbara Branch CHILDERS
v.
Robert R. CHILDERS.
No. 12703.
Court of Appeal of Louisiana, First Circuit.
July 16, 1979.
*1390 Michael R. Connelly, Baton Rouge, counsel for plaintiff-appellee Barbara Branch Childers.
Charles N. Malone, Baton Rouge, counsel for defendant-appellant Robert R. Childers.
Before CHIASSON, EDWARDS and COLE, JJ.
COLE, Judge.
Robert R. Childers appeals from a judgment of the Family Court of East Baton Rouge Parish which recognized and made executory a $7,100 judgment from a Georgia court rendered against him and in favor of his former wife, Barbara Branch Childers.
Mrs. Childers filed suit in the 19th Judicial District Court asking that a Georgia money judgment against her former husband for accrued alimony and child support be granted full faith and credit and made executory in Louisiana. Thereupon defendant filed a declinatory exception to the subject matter jurisdiction of the court on the grounds that the Family Court of East Baton Rouge Parish had exclusive jurisdiction over suits involving alimony and child support. Defendant's exception was sustained and the court ex proprio motu transferred the case to the Family Court. No new citation nor service of process issued form the Family Court after the transfer, and on this basis defendant objected to that court's in personam jurisdiction. The exception was overruled. Defendant then moved for a summary judgment which he supported with his personal affidavit that he had no knowledge of a Georgia money judgment against him. This too was denied. After a hearing on the merits, at which plaintiff filed into evidence properly authenticated copies of a Georgia judgment against defendant setting alimony and child support at $400 per month and a Georgia writ of fieri facias directed against defendant in the amount of $7,100, the trial court recognized and made executory "the final judgment and decree of the Superior Court of the State of Georgia, County of Dougherty ordering defendant to pay the sum of Seven Thousand One Hundred ($7,100.00) Dollars in unpaid child support and alimony."
Defendant assigns four errors: (1) The Family Court of East Baton Rouge Parish lacked in personam jurisdiction over the defendant; (2) The court erred in denying defendant's motion for a summary judgment; (3) The court erred in giving full faith and credit to a Georgia judgment ordering periodic payments of alimony and child support since Georgia law allows modification of accrued installments; and (4) In the alternative, even if it was proper to recognize the Georgia judgment for alimony and child support, the court erred in treating a Georgia writ of fieri facias as a foreign judgment fixing arrearages.

IN PERSONAM JURISDICTION
The defendant asserts that the Family Court did not have in personam jurisdiction since he never received citation nor service of process after the case was transferred to that court. The basis of his contention on this issue is that the 19th Judicial District Court, after concluding that it did not have subject matter jurisdiction, *1391 could only dismiss the suit and its attempt to transfer the action to the Family Court was without authority and totally invalid. We disagree.
The District Court acted properly when it transferred plaintiff's case to the Family Court. The source of its authority is Code of Civil Procedure article 932.
Art. 932. Effect of sustaining declinatory exception
When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice, (emphasis added)
Since the transfer was valid and was made with defendant's knowledge, the initial citation and service of process defendant received from the District Court gave the transferee court in personam jurisdiction (C.C.P. art. 6) and satisfied due process requirements. To require additional citation and service under these circumstances invokes technicalities of no substance or utility. The law abhors vain and useless procedures.

MOTION FOR SUMMARY JUDGMENT
Secondly, defendant argues that his motion for summary judgment should have been granted since it was supported by his personal affidavit which plaintiff failed to contradict with countervailing affidavits.
We hold that the motion for summary judgment was properly denied. Defendant's uncontradicted statement that "to the best of his knowledge and belief there is no executory judgment against him . . ." was not sufficient to dispose of all issues of material fact.
Code of Civil Procedure article 967 requires that affidavits offered in connection with motions for summary judgment be made on personal knowledge and that they show affirmatively that the affiant is competent to testify with respect to the matters stated therein. Nothing in defendant's affidavit indicated that he was in a position where he would necessarily know whether a Georgia judgment had or had not been rendered. Without an assertion of such competency, defendant's statement that to his knowledge there is no judgment is of no more value than a similar statement from the proverbial man on the street. Defendant's personal knowledge of the existence of the judgment is not an element in plaintiff's case.

RECOGNITION OF THE JUDGMENT FOR ALIMONY AND CHILD SUPPORT
Plaintiff filed into evidence a duly authenticated copy of a judgment from the Superior Court, County of Dougherty, State of Georgia, which orders defendant to pay plaintiff $200 per month in alimony and an equal amount in child support. Defendant maintains that the lower court was in error to give full faith and credit to this judgment. Pretermitting the fact that the lower court did not expressly recognize this judgment nor did plaintiff's petition ask that it do so, we address the issue in order to conserve judicial time and expedite the obvious relief to which appellee is entitled.
The general rule is that a foreign judgment ordering periodic payment of alimony and child support is entitled to full faith and credit as to accrued installments if the laws of the state which rendered the judgment do not allow modification of the accrued installments at the discretion of the court. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); Weston v. Weston, 177 La. 305, 148 So. 241 (1933); Lee v. Lee, 343 So.2d 428 (La.App. 3d Cir. 1977); Baldwin v. Baldwin, 337 So.2d 245 (La.App. 3d Cir. 1976); Webb v. Webb, 305 *1392 So.2d 567 (La.App. 4th Cir. 1974). Once the foreign judgment is recognized, then the Louisiana court will proceed to determine the amount of arrearages and make that sum executory. Baldwin v. Baldwin, supra; LeJeune v. LeJeune, 310 So.2d 655 (La.App. 1st Cir. 1975). If the alimony judgment is not entitled to full faith and credit due to the foreign jurisdiction's policy of allowing modification of accrued installments, the judgment creditor must first get a court of that jurisdiction to determine the arrearages and then bring suit in Louisiana for recognition of the money judgment.
Contrary to defendant's contention, our research into Georgia law convinces us that the courts of that jurisdiction are powerless to modify accrued installments. Waller v. Waller, 237 Ga. 336, 227 S.E.2d 374 (1976); Arnold v. Arnold, 236 Ga. 594, 225 S.E.2d 30 (1976); Anderson v. Anderson, 230 Ga. 885, 199 S.E.2d 800 (1973); Roberts v. Mandeville, 217 Ga. 90, 121 S.E.2d 150 (1961). The Georgia Statutes relied on by defendant do not support his position, but only indicate that in Georgia, as in Louisiana, an alimony or child support decree is subject to future revision upon petitioning the court and proving a change of circumstances. Ga.Code § 30-204, 30-220.
Accordingly, we hold that the Georgia decree against defendant ordering him to pay $400 a month is entitled to full faith and credit and a Louisiana court could properly proceed to fix and make executory the arrearages due thereunder.

FOREIGN WRIT OF FI. FA.
Plaintiff filed in evidence a duly authenticated copy of a writ of fieri facias issued by the Clerk of Court of Dougherty County, Georgia, instructing the sheriff to proceed against the property of defendant for the collection of $7,100. Nowhere in the record do we find a Georgia judgment for that amount; yet the Family Court judgment specifically recognized and made executory "the final judgment and decree ... ordering defendant to pay the sum of Seven Thousand One Hundred ($7,100.00) Dollars in unpaid child support and alimony."
Defendant contends that the lower court acted in error when it accorded a writ of fi. fa. the status of a final money judgment entitled to full faith and credit. We agree and reverse this portion of the lower court's judgment.
As plaintiff correctly points out, Georgia law allows a wife to enforce an alimony decree by requesting the clerk to issue a writ of fi. fa. for the amount of arrearages she claims to be due. Ga.Code § 30-204. It is not necessary that she first get a judgment fixing the arrearages. The constitutionality of this method of enforcement has been upheld since Georgia law provides a procedure whereby during the execution process, but prior to an actual taking, the husband is given notice and an opportunity to raise his defenses. Daniel v. Daniel, 239 Ga. 466, 238 S.E.2d 108 (1977); West Point Pepperell v. Springfield, 238 Ga. 655, 235 S.E.2d 24 (1977); Wood v. Atkinson, 231 Ga. 271, 201 S.E.2d 394 (1973).
However, despite the propriety of this procedure in Georgia, a Louisiana court is not authorized nor required to treat a foreign writ of fi. fa. as a final judgment entitled to full faith and credit. Indeed to do so might be to deprive defendant of due process, since Louisiana procedure would afford him no opportunity to raise defenses. And, if there was no levy against his property in Georgia, he would not have received notice nor been given the opportunity for a hearing there.
For the foregoing reasons, we reverse the judgment recognizing and making executory a money judgment for $7,100 and, in the interest of justice, we remand to allow plaintiff the opportunity to prove the amount of arrearages due under the Georgia alimony and child support decree which this court decrees entitled to full faith and credit. Assessment of costs is to await a final determination herein.
AFFIRMED IN PART, REVERSED IN PART, RENDERED AND REMANDED.