## 40061. SELLS v. EILENDER.

CLARKE, Justice.

Former wife appeals from the final order of the trial court in a contempt action. The parties signed an agreement which became part of a final decree of divorce. Under the agreement the former husband was obligated to pay child support for the three minor children of the parties in the amount of $600 per month until the youngest child died, attained majority, married, joined the armed forces, or became self-supporting. The parties agreed that the award was a group award which would not be diminished until the last child left home.

This agreement was signed in December 1980. The parties divorced in March 1981. In January 1983, wife brought a contempt action alleging arrearages in child support, moving expenses, and medical expenses for which husband was responsible under the decree. The contempt action record contains an affidavit from the 16-year-old son of the parties stating that he had lived with his father since July 1982. The child support arrearages represented a $200 reduction in payments for every month since the son had moved in with his father.

The trial court found husband in wilful contempt and ordered him to repay the arrearages. The order also reduced the child support payments beginning January 1, 1983, by $200 until husband files an

action for modification, the court finding that this amount represented child support for the child presently living with the husband. It is from this portion of the order that this appeal is taken.

The trial court has no authority to modify a final judgment and decree of divorce in a contempt proceeding. Therefore, that portion of the court's order which modifies the amount of child support to be paid to wife must be reversed. *Arnold v. Arnold,* 236 Ga. 594 (225 SE2d 30) (1976). The remaining portions of the court's order are unaffected by this opinion.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1983.

*Carl A. Veline, Jr.,* for appellant.
*Robert E. Bergman,* for appellee.