45563. HANCOCK v. COLEY.

(368 SE2d 735)

GREGORY, Justice.

John Coley, appellee, and Pamela Coley Hancock, appellant, were divorced on June 19, 1981. Pamela was awarded custody of the par-

ties' minor children and John was granted visitation rights. The decree provided, among other things, that John pay child support and alimony. Between 1983 and 1986 the parties filed numerous contempt actions against each other. On June 5, 1987 the trial court entered an order in a contempt proceeding requiring that Pamela, John, and the minor children obtain psychiatric evaluations. The order provided that John would not have visitation rights during the months of June, July, or August 1987, and would not be liable for child support payments during that period. On September 25, 1987, the court entered an order finding that Pamela had wilfully refused to allow John to exercise his visitation rights. The court ruled that John had no obligation for child support pending further court order and transferred the case to the juvenile court with a recommendation to terminate John's parental rights.

1. Pamela contends the trial court was without authority to suspend the children's right to support from their father. In support of this argument she cites two cases dealing with whether a *parent* can *contract away* a child's right to support. *Crumb v. Gordon*, 157 Ga. App. 839 (278 SE2d 725) (1981); *Williamson v. State*, 138 Ga. App. 306 (226 SE2d 102) (1976). Those cases are not dispositive of the issue. The power of a court to fix child support is an entirely separate issue from the issue of a parent's right to contract away child support.

In its order the trial court found

[Pamela] has wilfully refused to allow [John] to exercise his visitation rights with his minor children for the past several years, despite the fact that there are Court Orders providing visitation and actions have been brought to enforce visitation. . .Because of the [Pamela's] conduct in refusing visitation to [John], [John] has been unable to establish or maintain any meaningful parent-child relationship with his minor children.

While we hold in Division 4 that the court cannot modify the original decree in a contempt proceeding, it is within the power of the court to refuse to enforce child support provisions of a divorce decree at the behest of one who is refusing to comply with that same decree. *Morris v. Sheffield*, 214 Ga. 63 (102 SE2d 595) (1958). It is within the power of a court to refuse to enforce child support payments under these circumstances. It is not generally a method to be recommended and should never be used if it works a deprivation on a child.

2. Pamela complains that the trial court had no power in a contempt proceeding to transfer the issue of termination of John's parental rights to the juvenile court. Her ground for this position is that

the statute which authorizes a superior court to transfer is limited in scope so that it does not include a circumstance in which an issue of termination of parental rights arises in a contempt proceeding in superior court. The statute in question is OCGA § 15-11-6 (b). It provides:

> Courts of record, in handling divorce, alimony, or habeas corpus cases involving the custody of a child or children, may transfer the question of the determination of custody and support to the juvenile court for investigation and a report back to the superior court or for investigation and determination. If the referral is for investigation and determination, then the juvenile court shall proceed to handle the matter in the same manner as though the action originated under this article, in compliance with the order of the superior court. At any time prior to the determination of such question, the juvenile court may transfer the jurisdiction of the question back to the referring superior court.

Pamela argues that a contempt proceeding is neither "divorce," "alimony" nor "habeas corpus."

Our concern is that no shackles be placed on the power of a superior court to protect the welfare of children caught up in litigation before the court. This leads us to broadly interpret the term "divorce cases" used in the statute so that it includes contempt proceedings brought to enforce the provisions of a divorce decree. We note that the questions which may be transferred under OCGA § 15-11-6 (b) are those of the determination of "custody and support." These words are also given a broad interpretation so that they include termination of parental rights. *Moss v. Moss*, 233 Ga. 688, 690 (212 SE2d 853) (1975). Using these broad interpretations, we hold the trial court properly transferred the issue of termination of parental rights to the juvenile court for determination.

We point out the statute carefully provides that a referral or transfer for investigation and determination shall proceed in the same manner as though the action originated in the juvenile court. That means the juvenile code substantive and procedural rules for determination of parental rights must be followed. OCGA § 15-11-80 et seq. These rules carefully delineate the grounds for termination, OCGA § 15-11-81; those persons upon whom summons shall issue including parents, guardians, lawful custodians and those in physical custody of the child, OCGA § 15-11-83; and other concerns.

3. Pamela argues there are no grounds in the record for terminating appellee's parental rights. We note, however, that no order has been entered terminating John's parental rights. This is an issue to be

resolved in the juvenile court proceeding.

4. Finally, Pamela contends the trial court erred by ruling that John has no further obligation for child support until further order of the court. We agree.

The divorce decree ordered that John pay child support in the amount of $200 per month per child. In its order of September 25, 1987 in a contempt proceeding the trial court ruled there would be no obligation for child support until further court order. We have held a trial court has no authority to modify a final judgment and decree of divorce in a contempt proceeding. *Sells v. Eilender*, 251 Ga. 463 (306 SE2d 662) (1983). Although modification is improper, the court, on remand, may refuse to enforce the child support provisions of the decree as demonstrated in *Morris*, supra.

5. Appellee's motion to dismiss the appeal is denied.

*Judgment reversed and remanded for further consideration in light of this opinion. All the Justices concur.*

DECIDED JUNE 9, 1988.

*Ernest D. Blount*, for appellant.
*Susan A. Chiapetta, John R. Mather*, for appellee.

