## 46695. JARRETT v. JARRETT.
### (385 SE2d 279)

BELL, Justice.

This case, stemming from a granted application to appeal, raises two issues. The first concerns whether a trial court may modify child support retroactively. The second issue concerns the validity of a provision requiring that an ex-husband's child-support obligation be modified annually based on his annual gross income, providing that the change never be downward.[1] We affirm in part and reverse in part.

The appellant ex-husband, Daniel Jarrett, and the appellee ex-wife, Linda Jarrett, were divorced in October 1979. The divorce decree provided that Daniel pay Linda $25 per child per week as child

---

[1] The parties also raise an issue concerning the ownership of the marital residence. We conclude that that issue is not ripe for decision, and we decline to address it. However, regarding that issue, we note this court has held that trial courts cannot modify non-periodic permanent alimony or equitably-divided marital property under OCGA § 19-6-19. See *Winokur v. Winokur*, 258 Ga. 88 (365 SE2d 94) (1988); *Holler v. Holler*, 257 Ga. 27 (354 SE2d 140) (1987).

support.

On November 3, 1987, Linda filed a "motion for contempt," alleging, in relevant part, that Daniel was in arrears on the child-support payments. Linda also filed a "complaint to modify" Daniel's child-support obligation.

After a hearing, the court issued an order on December 16, 1988. The court did not hold either party in contempt, but it did increase the amount of Daniel's child-support obligation. The court made the modification retroactive to January 1, 1988, and provided that the amount of child support be reviewed annually and automatically adjusted based on Daniel's annual gross income, provided that this adjustment never be downward. Daniel then filed an application to appeal, which we granted.

1. Daniel first contends that the trial court improperly made the child-support modification retroactive. We agree.

> [A] permanent child support judgment is res judicata and enforceable until modified, vacated or set aside. *Allen v. Withrow*, 215 Ga. 388, 390 (110 SE2d 663) (1977). . . . Until a final decree amending the child support is properly entered in the modification proceeding the permanent judgment stands. *Vickers v. Vickers*, 220 Ga. 258 (138 SE2d 308) (1964). A child support judgment can not be modified retroactively. *Butterworth v. Butterworth*, 228 Ga. 277, 279 (3) (185 SE2d 59) (1971).

*Lynn v. Nabors*, 239 Ga. 493 (238 SE2d 45) (1977). Accord *Skinner v. Skinner*, 252 Ga. 512, 513 (2) (314 SE2d 897) (1984). Although a permanent judgment of child support can be temporarily modified pending a final order in a modification action, OCGA § 19-6-19 (c), a temporary order was not sought in this case.

In view of the foregoing principles, the trial court in the instant case made an improper retroactive modification of Daniel's child-support obligation by ordering that the modification take effect on January 1, 1988.

2. In his second enumeration of error Daniel contends that the trial court erred in providing that the future modification of Daniel's child-support obligation could never decrease. Daniel contends that this provision improperly prohibits him from exercising his right under OCGA § 19-6-19 (a) to seek a downward modification of child support based on a change in his financial status. We find no error.

In *Hayes v. Hayes*, 248 Ga. 526, 528 (3) (283 SE2d 875) (1981), the trial court set alimony at $700 per month plus 25% of any gross increase the former husband received in his pension and set child support at $300 per month plus 15% of any gross increase the former

husband received in his pension. The future-modification provision of the award in *Hayes* did not permit a decrease in the husband's obligation. However, we found no error, noting, in relevant part, that such an adjustment provision does not preclude either party from seeking modification under OCGA § 19-6-19 (a). See also *Wood v. Wood*, 257 Ga. 598, 599 (1) (361 SE2d 819) (1987); *Cabaniss v. Cabaniss*, 251 Ga. 177, 178 (1) (304 SE2d 65) (1983); *Golden v. Golden*, 230 Ga. 867 (2) (199 SE2d 796) (1973).

Based on the foregoing, we conclude that the future-modification provision of the trial court's order is proper.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 9, 1989.

*Robert E. Andrews,* for appellant.
*Leroy W. Robinson, Jr.,* for appellee.