A90A1604. STATE OF GEORGIA v. GARRISH.
(399 SE2d 572)

McMURRAY, Presiding Judge.

This case presents a question of first impression: Can a counterclaim for modification of a Uniform Reciprocal Enforcement of Support Act ("URESA") support order be asserted by the defendant in a URESA contempt proceeding? The answer is "no."

On January 27, 1989, a consent order for URESA support was entered in the Superior Court of Hall County. Pursuant thereto, defendant David E. Garrish was ordered to pay the sum of $139.20 per week for the support of three minor children. Subsequently, the State of Georgia filed a rule for contempt on behalf of plaintiff Gloria Smith asserting that defendant was in arrears in his payments (in the amount of $1,444) and should be held in contempt for failure to abide by the URESA support order. Defendant answered and counterclaimed, requesting that his support payments be reduced because of a material change of circumstances affecting his income.

Following a hearing, the superior court determined that defendant was $4,204.80 in arrears under the URESA support order; but it ruled that defendant was not in contempt of that order. With regard to defendant's counterclaim for reduction of support, the superior court acknowledged that a counterclaim for modification of support does not lie in the usual contempt proceeding. See *Arnold v. Arnold*, 236 Ga. 594 (225 SE2d 30). The superior court ruled, nonetheless, that such a counterclaim could be asserted in a URESA contempt proceeding because, unlike the usual support case, there is no mechanism permitting URESA defendants to modify a URESA order.

Considering the merits of defendant's counterclaim, the superior court ruled that a material change in defendant's income and financial condition justified a reduction in his URESA support obligation. Accordingly, his URESA support payments were reduced to $80 per week.

Fearful that every URESA contempt proceeding will be turned into a modification action if the superior court's ruling was allowed to stand, the State applied for discretionary review. We granted the State's application for a discretionary appeal. *Held*:

Our courts have repeatedly held that a counterclaim for reduction of support cannot be heard in a contempt proceeding. See, e.g., *Hancock v. Coley*, 258 Ga. 291, 294 (4) (368 SE2d 735); *Sells v. Eilender*, 251 Ga. 463 (306 SE2d 662); *Arnold v. Arnold*, 236 Ga. 594, supra; *Beach v. Beach*, 224 Ga. 701, 703 (164 SE2d 114). We find it appropriate to quote from the special concurrence of Justice Hill, joined by Justice Ingram, in *McNeal v. McNeal*, 233 Ga. 836, 838 (213 SE2d 845), wherein it was stated that "[i]f the rule were otherwise, a husband could decline to pay alimony or child support so as to precipitate an application for contempt upon which a counterclaim for modification could be based. This would encourage nonpayment and deprivation of those entitled by the judgment to receive such payments."

We can see no reason why the rule should not be applied equally to contempt proceedings stemming from divorce decrees and contempt proceedings stemming from URESA support orders. The mere fact that a procedure to permit the modification of a URESA support order may not be in place (but see OCGA § 9-2-3), is not our concern. It is a matter which addresses itself to the legislature, not the courts.

The only issue for determination in this URESA contempt proceeding was the enforcement of the support obligation previously established by the URESA order. It follows that the trial court erred in considering defendant's counterclaim for the modification of support.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 30, 1990.

Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General, for appellant.

Michael R. Casper, Watson & Watson, Anne L. Watson, for appellee.