A96A1442. DEPARTMENT OF HUMAN RESOURCES v. GOULD.
(474 SE2d 682)

BIRDSONG, Presiding Judge.

The Georgia Department of Human Resources (DHR), on behalf of Teresa Lynn Brefka, appeals both the trial court's modification of a preexisting child support order and the denial of DHR's petition to hold appellee Richard L. Gould, Sr. in contempt for failing to comply with the trial court's child support order. DHR enumerates three errors. *Held*:

1. In its first and second enumerations of error, DHR contends the trial court erred both by modifying its previous child support orders in a contempt proceeding and by doing so retroactively. We agree and reverse the trial court's rulings.

The October 2, 1992 divorce agreement between appellee Gould and Teresa Lynn Brefka ordered Gould to pay $55 per child per week for the support of his two children. Following this order, one of Gould and Brefka's children decided to live with Gould. On April 28, 1995, Gould was found in wilful contempt for failure to pay child support. Acknowledging that one child was living with Gould, the trial court gave Gould credit for these time periods. The trial court held, however, that until the order was modified by the trial court and the trial court awarded custody of the child to Gould, Gould must continue to pay $55 per week for both children. With regard to arrearage payments, the trial court ordered Gould to pay a $2,000 lump sum by

June 27, 1995, and payments of $20 per week until the remaining arrears were paid in full.

The present contempt action was filed by DHR on September 26, 1995, because Gould failed to pay the $2,000 lump sum and discontinued support payments of any kind, beginning October 27, 1995. The trial court ordered a modification of the divorce decree such that Gould is only responsible for the child still living with Brefka.

Georgia courts have repeatedly held that counterclaims for reduction of support cannot be held in a contempt proceeding; trial courts have no authority to modify the amount of child support of a final judgment and decree of divorce in a contempt proceeding. *State v. Garrish*, 197 Ga. App. 816, 817 (399 SE2d 572); see also *Hancock v. Coley*, 258 Ga. 291, 294 (4) (368 SE2d 735); *Sells v. Eilender*, 251 Ga. 463 (306 SE2d 662); *Dept. of Human Resources v. Oakes*, 201 Ga. App. 462 (411 SE2d 363). Were this not the case, " 'a husband could decline to pay alimony or child support so as to precipitate an application for contempt upon which a counterclaim for modification could be based. This would encourage nonpayment and deprivation of those entitled by the judgment to receive such payments.' " *Garrish* at 817, quoting *McNeal v. McNeal*, 233 Ga. 836, 838 (213 SE2d 845) (concurring opinion). Accordingly the trial court erred in entering a judgment which modified the original divorce decree by reducing Gould's child support obligation.

The trial court also erred in modifying Gould's child support obligation retroactively. A permanent child support judgment is res judicata and enforceable until modified, vacated or set aside. *Allen v. Dept. of Human Resources*, 264 Ga. 119 (441 SE2d 754); compare *Lynn v. Nabors,* 239 Ga. 493 (238 SE2d 45), citing *Allen v. Withrow*, 215 Ga. 388, 390 (110 SE2d 663). Until a final decree amending the child support is properly entered in the modification proceeding, the permanent judgment stands. *Lynn,* supra, citing *Vickers v. Vickers*, 220 Ga. 258 (138 SE2d 308). A child support judgment cannot be modified retroactively. Id., citing *Butterworth v. Butterworth*, 228 Ga. 277, 279 (3) (185 SE2d 59). See also *Jarrett v. Jarrett*, 259 Ga. 560, 561 (1) (385 SE2d 279).

2. In its third enumeration of error, DHR contends the trial court erred by refusing to hold Gould in contempt of court for failure to pay child support. In view of our holding in Division 1, reversing the trial court's order, we elect not to address DHR's third enumeration. We do, however, note that a trial court's discretion in determining whether to hold a party in contempt is broad and its decision will be upheld if there is any evidence to support it. *Costa v. Costa*, 249 Ga. 494, 495 (292 SE2d 73). Only if there is a gross abuse of the trial judge's discretion will an appellate court disturb the trial court's determination. *Davis v. Davis*, 250 Ga. 206, 207 (296 SE2d 722).

*Judgment reversed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 14, 1996.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Kevin O'Connor, Assistant Attorney General, Lisa Lott*, for appellant.
*Douglas R. Daum*, for appellee.