62267. JOHNSON et al. v. PARRISH et al.

SHULMAN, Presiding Judge.

Appellant Shanda Louise Johnson, by and through next friend, brought an action against appellees for the wrongful death of her father, John E. Johnson, whose death was allegedly caused by the medical negligence of appellees. Summary judgment was granted in favor of appellees, and appellant appeals from that order.

Appellant's parents were divorced in October of 1977. At that time, appellant's paternal grandmother filed the necessary documents to initiate adoption proceedings. Both natural parents consented to the adoption and the final adoption order was signed in February of 1978. Appellant lived with her paternal grandmother (adoptive mother) and her natural father, who continued to provide some support for her. Johnson died on April 1, 1979, in the emergency room of the defendant hospital. Appellees contend that appellant has no cause of action for the alleged wrongful death of her natural father because of her previous adoption by her grandmother. Appellees argue that the adoption effectively severed any right the appellant had to assert as the child of the decedent. We agree.

1. Appellant contends that this case should be decided under

the Adoption Law of 1941 rather than the 1978 revision. This contention is based on the fact that the adoption papers were drawn and filed in October of 1977. The 1978 revision became effective on January 1, 1978. The basic difference in the two statutes turns on the language concerning adopted children's obligations and rights with regard to their natural parents. The 1941 statute makes no specific mention of the children's rights but addresses only the severing of the rights and obligations of the natural parents to their children. The Adoption Act of 1978 repeats the 1941 law's language concerning natural parents but adds language that also expressly extinguishes the children's obligations and rights with respect to their natural parents. Code Ann. § 74-413.

Although the adoption papers were filed in October of 1977, the final order was not signed until February, 1978, after the 1978 revision had gone into effect. "The general intent of the Georgia adoption statute appears to be that the rights and obligations of a natural parent, and those of an adopting parent, to a child are not conclusively altered until the date of the final order of adoption." *U. S. Fidelity &c. Co. v. Dunbar,* 112 Ga. App. 102, 107 (143 SE2d 663). Hence, the Adoption Act of 1978 is the controlling statute in the case at bar.

2. Code Ann. § 105-1302 creates a statutory right for the wife and children of a decedent to recover for his wrongful homicide. This cause of action did not exist at common law but is derived solely from the statute. The added language in the Adoption Act of 1978 precludes an adopted individual from seeking recovery for the death of the natural father. The adopted individual is no longer the decedent's legal child. Therefore, the appellant does not fall into any of the enumerated categories outlined in Code Ann. § 105-1302 as being eligible to bring this action. See Go International, Inc. v. Lewis, 601 SW2d 495 (Tex.).

The trial court did not err in granting appellees' motion for summary judgment.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 21, 1981.

*Wynn Pelham,* for appellants.
*Hunter S. Allen, Jr., Walter B. McClelland, Sidney F. Wheeler, Michael T. Bennett,* for appellees.