71446, 71447. EIG v. SAVAGE (two cases).
(339 SE2d 752)

BIRDSONG, Presiding Judge.

Declaratory Judgment — Wrongful Death. Iva Kathleen Savage is the mother of the decedent, Ronald Lee Savage. Jennifer Lynn Eig is the natural daughter of the decedent who was adopted by Keith M. Eig on October 26, 1976. Ronald Lee Savage died on August 17, 1982. He was not married and left no surviving issue except Jennifer Lynn. The decedent's father predeceased him. Iva Savage, decedent's mother, petitioned the Cobb County Probate Court for letters of administration and was appointed administratrix. Thereafter, she petitioned the court for a hearing to determine the heirs of her son, inviting the court's attention to the fact that his natural daughter had been adopted by Keith Eig in 1976.

Jennifer Eig, through her grandmother as next friend, filed this action in the Cobb Superior Court for declaratory relief to determine whether she or her natural father's mother was the proper party to bring a wrongful death action against the parties responsible for the death of their decedent. The parties consented to the joining of these actions in the Cobb Superior Court. The trial court found that the mother was the proper party to bring an action for the wrongful death of Ronald Lee Savage and Jennifer Lynn Eig was not an heir of Ronald Lee Savage. Eig brings these appeals. *Held*:

Eig was adopted on October 26, 1976. On that date, under Georgia law, an adoption did not cut off a child's statutory right to bring a wrongful death action for the homicide of her natural parent. *Macon, Dublin &c. R. Co. v. Porter*, 195 Ga. 40 (22 SE2d 818). Also, at that time, the adoption laws of Georgia did not divest an adopted child of its right to inherit from its natural parents. *Sears v. Minchew*, 212 Ga. 417 (2) (93 SE2d 746).

In 1977, the legislature enacted Code Ann. § 74-413 (now OCGA § 19-8-14), which became effective January 1, 1978. It provided, in pertinent part, that the effect of a decree of adoption was to termi-

nate "all legal relationships between the adopted individual and his relatives, including his natural parent(s), so that the adopted individual thereafter is a stranger to his former relatives for all purposes, including inheritance. . . ." Thus, the statute expressly severed the right of inheritance from her natural parents and this court interpreted the statute as also severing the adopted child's former right to bring a wrongful death action for the homicide of its natural parent. *Johnson v. Parrish*, 159 Ga. App. 613 (284 SE2d 111). However, in *Johnson*, we were determining the relationship of a child to his natural parent when the child had been adopted in 1978, after the effective date of Code Ann. § 74-413. In the instant case, the adoption of Eig preceded the effective date of that statute. Hence, the single issue presented by these appeals is whether Eig is entitled to the legal rights she enjoyed prior to enaction of the statute. The trial court held that she is not so entitled and we agree.

It is accepted that "[l]aws prescribe only for the future; they cannot impair the obligation of contracts nor, ordinarily, have a retrospective operation." OCGA § 1-3-5. This follows our constitutional proscription that "[n]o bill of attainder, ex post facto law, retroactive law, or law impairing the obligation of contracts, or making irrevocable grant of special privileges or immunities, shall be passed." Art. I, Sec. I, Par. X, Ga. Constitution of 1983 (Art. I, Sec. I, Par. VII, Ga. Constitution of 1976). The seminal Georgia case on this point is *Ross v. Lettice*, 134 Ga. 866, 868 (68 SE 734), in which it was held: "A statute is retroactive in its legal sense which creates a new obligation on transactions or considerations already past, or destroys or impairs vested rights. A statute does not operate retrospectively because it relates to antecedent facts, but if it is intended to affect transactions which occurred or rights which accrued before it became operative as such, and which ascribe to them essentially different effects, in view of the law at the time of their occurrence, it is retroactive in character." Accord *Sturges v. Carter*, 114 U. S. 511, 519 (5 SC 1014, 29 LE 240).

This act did not create a new obligation on transactions or considerations already past. Hence, the issue left is whether it destroyed or impaired a vested right. The mere fact that the statute relates to antecedent facts does not change its character. *Ross*, supra. Nor does it affect "transactions which occurred or rights which accrued before it became operative." Id. Of course, the adoption had occurred before the statute but the event which gave rise to the action was the death of the decedent. The decedent's demise gave rise to the action for his alleged wrongful death, and the claim by appellant as his heir.

" 'No one can be an heir of a living person, and before the death of the ancestor an expectant heir has no interest or estate in property which he may subsequently inherit.' " *Harper v. Harper*, 241 Ga. 19,

20 (243 SE2d 74); accord *Moore v. Moore*, 225 Ga. 340, 343 (168 SE2d 318). "The right of an individual to inherit property through intestate succession is not a natural or inalienable right; rather, it is solely within the province of the state to prescribe for such succession as it deems necessary." *Nunnally v. Trust Co. Bank*, 244 Ga. 697, 699-700 (261 SE2d 621), U. S. cert. denied 445 U. S. 964. The statute plays the decisive role in determining succession rights, including those involving rules of inheritance when construed in pari materia with our adoption statute. Id. pp. 701-702. Hence, the appellant as the natural child of the decedent had no vested right as an heir of her decedent during the lifetime of the decedent.

Neither did appellant have a vested right to bring an action in tort for the death of her decedent during the lifetime of her decedent. Admittedly, such a right existed during the life of the decedent but there was no inalienable vesting of such right. An individual can have no vested right in a current state of the law which is subject to change, either by the legislature or the courts, without some act in reliance upon that law. See *Biddle v. Moore*, 87 Ga. App. 524, 525 (74 SEd 552); and *Withers v. Register*, 246 Ga. 158 (1) (269 SE2d 431) as to constitutional vesting of rights precluding legislative repeal. Our Supreme Court, in *Kelly v. Hall*, 191 Ga. 470, 472 (12 SE2d 881) held: "It is the general rule that until a judgment is rendered there is no vested right in a claim for damages for a tort which is not connected with or does not grow out of a contractual relation." See also *Atlanta Newspapers v. Doyal*, 84 Ga. App. 122, 130 (65 SE2d 432). Further, the legislature may validly modify or abrogate common law and statutorily created rights of action. *Teasley v. Mathis*, 243 Ga. 561, 564 (255 SE2d 57); accord *Silver v. Silver*, 280 U. S. 117 (50 SC 57, 74 LE 221).

We find this enumeration to be without merit.

*Judgments affirmed. Carley and Sognier, JJ., concur.*

DECIDED JANUARY 7, 1986 —
REHEARING DENIED JANUARY 22, 1986 — ▮▮▮▮▮▮

*Albert E. Jones*, for appellant.
*J. Alfred Johnson, Julian M. Treadaway*, for appellee.