## 72699. PITTMAN v. PITTMAN.
(346 SE2d 594)

BANKE, Chief Judge.

We granted the appellant husband's application for a discretionary appeal from an order holding him in contempt for failure to comply with the terms of a child-support order.

The appellant had been ordered to pay the appellee $132 per week as child support pursuant to the terms of their divorce decree. He subsequently suffered a work-related injury and began receiving workers' compensation disability benefits in the amount of $135 per week. Consequently, on September 18, 1984, the trial court entered an order reducing his child-support payments to $75 per week, with the proviso that the original support requirements would automatically be reinstated at the end of that period unless he petitioned for modification on the ground that his medical condition continued to prevent him from returning to work. The court further ordered the appellant to apply for a bank loan within 10 days, using his Ford pickup truck as collateral, and to pay the proceeds to the appellee in the amount of $1,000 or 60 percent of the loan value of the truck, whichever was less.

On October 12, 1984, appellee filed a motion for attachment for contempt based on the appellant's alleged failure either to make the $75 per week support payments or to apply for the loan. Contemporaneously, she obtained a fi. fa. in the amount of $1,000, which was subsequently satisfied by levy on the appellant's truck.

In March of 1985, the appellee's attorney wrote the appellant's attorney a letter stating as follows: "I have this day discussed [the appellant's] pending medical situation with [the appellee]. She is resigned to the fact that she will have to accept the $75.00 per week, rather than take him back for contempt. There will be no problem as long as he is current. At the date of this writing, he is NOT current, owing a little over $200.00. Please ask him to take care of this." Two weeks later the appellant's attorney sent the appellee's attorney a money order in the amount of $212 on the appellant's behalf, along with a letter stating: "Pursuant to your said letter . . . , George will begin making the agreed upon $75.00 per week child support payments this Friday."

A hearing was finally held on the appellee's 1984 contempt motion on January 14, 1986. It was established without dispute at that hearing that the appellant had not been able to return to his job since March of 1985 but had continued to draw workers' compensation disability benefits in the amount of $135 per week. There was conflicting evidence with regard to whether the appellant had in fact paid the appellee $75 per week during this period, with the appellee testifying that he had not and the appellant both testifying that he had and

introducing money order receipts purporting to prove that he had. With regard to his failure to comply with the portion of the 1984 order requiring him to obtain a loan on his truck, the appellant testified that he had attempted to obtain such a loan but that the bank would not give him one because of his employment situation.

Notwithstanding the appellant's testimony that he had relied on what he had believed to be his wife's agreement to accept $75 per week in satisfaction of his child-support obligation as long as he continued to be disabled, the trial court found him in wilful contempt based on his failure to pay her $132 per week. The court thus ordered him incarcerated until the resulting arrearage in the amount of $3,349.52 had been paid. The court specifically predicated its determination that the appellant was in wilful contempt on his failure to comply with the provision of the 1984 order requiring him to petition for modification of his support obligation in the event he continued to be disabled. *Held*:

A person "may not be imprisoned for failure to pay alimony [or child support] unless it is first found that he has the ability to pay but merely refuses to do so." *Brown v. Brown*, 237 Ga. 122, 123 (227 SE2d 14) (1976). No such finding was made by the trial court in this case, nor does it appear that the evidence would have supported one. Furthermore, the court did not suggest why the appellant's reliance on what he believed to be an agreement by his wife to accept $75 per week as long as he continued to be disabled should not have been considered justifiable under the circumstances. Cf. *Culpepper v. Brewer*, 242 Ga. 210, 211 (248 SE2d 619) (1978); *Meredith v. Meredith*, 238 Ga. 595 (2) (234 SE2d 510) (1977). For these reasons, we reverse the judgment finding the appellant to be in wilful contempt, rendering it unnecessary to consider the appellant's remaining enumerations of error.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1986.

*Adele Grubbs*, for appellant.
*Donald R. Donovan*, for appellee.