S94A0397. ALLEN v. DEPARTMENT OF HUMAN RESOURCES.
(441 SE2d 754)

CARLEY, Justice.

When appellant-defendant was divorced in South Carolina, he was ordered to pay monthly child support of $300. After appellant's ex-wife moved to Georgia, she applied to appellee-plaintiff Georgia Department of Human Resources (DHR) for child support enforcement services. DHR filed a complaint on behalf of the child, seeking an initial domestication of the South Carolina divorce decree and a modification of that domesticated divorce decree so as to increase ap-

---

pellant's child support obligation.

Appellant's motion to dismiss DHR's complaint was denied and, on appeal, the authority of DHR to pursue such a domestication-modification action was upheld. *Allen v. Dept. of Human Resources*, 262 Ga. 521 (423 SE2d 383) (1992). Thereafter, a bench trial was held and a final order was entered which domesticated the South Carolina divorce decree and modified appellant's child support obligation upward to $800 per month. However, the $500 monthly increase was not made prospective from the date of domestication and modification. Instead, the trial court's order specified that the increase was to be retroactive to the date that DHR had initiated the action.

Appellant's application for a discretionary appeal was granted, in order to determine whether the trial court erred in ordering that the $500 monthly increase was to be effective retroactively to the date of filing rather than prospectively from the date of domestication and modification.

> [A] permanent child support judgment is res judicata and enforceable until modified, vacated or set aside. [Cit.] . . . Until a final decree amending the child support is properly entered in the modification proceeding the permanent judgment stands. [Cit.] A child support judgment can not be modified retroactively. [Cit.]

*Jarrett v. Jarrett*, 259 Ga. 560, 561 (1) (385 SE2d 279) (1989). See also *Hendrix v. Stone*, 261 Ga. 874 (1) (412 SE2d 536) (1992). It follows that the trial court's ruling is erroneous insofar as it gives retroactive effect to the $500 monthly increase in appellant's child support obligation. Accordingly, that portion of the judgment must be reversed and the case remanded with direction that the trial court amend its order to specify that the increase is to be prospective from the date of domestication and modification.

*Judgment reversed and case remanded with direction. All the Justices concur.*

HUNSTEIN, Justice, concurring.

I can concur fully with the majority's conclusion that the trial court's order in the instant case violates the bar on the retroactive modification of support set forth in *Jarrett v. Jarrett*, 259 Ga. 560 (1) (385 SE2d 279) (1989) because my review of the record shows that there was no abuse of the legal process by Mr. Allen.[1] I write specially

---

[1] Although DHR's complaint was filed in July 1991, the reason for final judgment not being entered until September 1993, nunc pro tunc August 23, 1993, is primarily explained by this Court's grant of Mr. Allen's application for discretionary appeal and the rendering of

to note that it would not be appropriate to apply the bar in *Jarrett* to shield a party where the evidence supports the conclusion that the party deliberately and needlessly prolonged the litigation in order to avoid payment of support obligations accruing during the delay.

DECIDED APRIL 18, 1994.

*Chilivis & Grindler, Nickolas P. Chilivis, John D. Dalbey, Michael Devine,* for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Cynthia H. Frank, Assistant Attorney General, Imogene L. Walker, Randy J. Comins,* for appellee.

---

our opinion in *Allen v. Dept. of Human Resources,* 262 Ga. 521 (423 SE2d 383) (1992) in November 1992.