## A95A2166. DEPARTMENT OF HUMAN RESOURCES
## v. COWAN.

(469 SE2d 384)

RUFFIN, Judge.

The Georgia Department of Human Resources ("DHR") filed a petition for contempt seeking child support payments in arrears from Stephen Cowan. The trial court denied the petition and found that because Cowan surrendered his parental rights and consented to his children's adoption, he no longer had any duty to support them. We granted DHR's application for discretionary appeal to determine whether the surrender of rights and consent to adoption terminate the surrendering parent's obligation to pay child support even though the adoption is not finalized. For reasons which follow, we reverse.

The child support obligations at issue stem from Cowan's May 4, 1990 divorce decree, which awarded custody of his minor children to his ex-wife. Under the divorce decree and a subsequent order, Cowan was obligated to pay a total of $128 per week for the support of the children. On July 13, 1993, a consent order was entered holding Cowan in contempt for failing to pay child support. That order stated in part as follows: "It is . . . determined that an adoption of said children by the custodial parent's current husband is in process, and [Cowan] has signed a Surrender of Parental Rights and Final Release for Adoption, and that the custodial parent has chosen not to request collection of her non-afdc arrears due. . . . However, [Cowan] has a total accumulated afdc arrearage due to the state of Georgia in the amount of $4,492.00 as of June 16, 1993." The order allowed Cowan to purge himself of contempt by paying $35 per week toward the arrearage and further stated that "[s]hould the adoption not take place, [Cowan] understands that he remains liable for current support and the non-afdc arrears."

The adoption was never finalized, and on November 15, 1994, DHR filed the instant petition for contempt, alleging Cowan was in arrears on child support due under the divorce decree in the amount of $11,036.48. In his answer to the petition, Cowan asserted that he was no longer the legal parent and that prior to the petition, he was under the belief that the adoption had been completed. The trial court found that although the adoption was "never formally completed," Cowan lost his parental rights and obligation to support the children by voluntarily contracting to surrender his parental rights and consenting to the children's adoption. Upon finding that Cowan's failure to pay child support was not wilful and was justified by his reasonable belief that the children had been adopted, the court denied DHR's petition for contempt.

1. DHR asserts that the trial court erred by holding that Cowan was no longer responsible for the support of his children when no

adoption had occurred. We agree.

OCGA § 19-7-2 addresses a parent's obligation to support his or her children. That section provides that "[i]t is the joint and several duty of each parent to provide for the maintenance . . . of his or her child until the child reaches the age of majority, dies, marries, or becomes emancipated, whichever first occurs, except as otherwise authorized and ordered pursuant to subsection (e) of Code Section 19-6-15 and except to the extent that the duty of the parents is otherwise or further *defined by court order.*" (Emphasis supplied.) In this case, the trial court did not rely on a previous court order in ruling that Cowan was no longer obligated to support his children, but rather, relied on Cowan's surrender of parental rights and his consent to the children's adoption.

In *Dept. of Human Resources v. Ammons*, 206 Ga. App. 805 (426 SE2d 901) (1992), relied on by the trial court, the parental rights were terminated by a juvenile court order. On appeal, this court held that the parent's obligation to provide support and the child's corresponding right to that support was "extinguished by the termination *order*, as surely as if the child had been adopted." (Emphasis supplied.) Id. at 806. To the extent that the decision in *Ammons* was predicated on the existence of the juvenile court order terminating parental rights, it was not in conflict with OCGA § 19-7-2 which requires such an order. In this case, however, there was no order terminating Cowan's parental rights, only his surrender of those rights. We have previously held that a parent cannot contract away the responsibility to support his or her children. See *Dept. of Human Resources v. Prince*, 198 Ga. App. 329, 331 (2) (401 SE2d 342) (1991); *Collins v. Collins*, 172 Ga. App. 748 (324 SE2d 475) (1984). Thus, Cowan's surrender of parental rights and his consent for adoption did not release him from his support obligation.

Likewise, because there was no order finalizing the adoption, Cowan cannot rely on the adoption to release him from his maintenance responsibilities. " 'The general intent of the Georgia adoption statute appears to be that the rights and obligations of a natural parent, and those of an adopting parent, to a child are not conclusively altered until the date of the final order of adoption.' [Cit.]" *Johnson v. Parrish*, 159 Ga. App. 613, 614 (1) (284 SE2d 111) (1981).

By requiring a court order to define a parent's maintenance obligations, we believe the legislature intended to establish a bright line test under which a minor child's right to support would be conclusively established at all times. To hold otherwise would allow a suspension of maintenance any time a parent voluntarily contracts to surrender his or her parental rights or consents to an adoption. In such a case, the children could be left without any person legally obligated to support them. While parental *powers* over a child may be

forfeited in such a manner, we are aware of no law which permits a waiver of maintenance obligations by contract alone. See OCGA § 19-7-1 (b). Accordingly, we hold that Cowan's surrender of parental rights and his consent to adoption did not relieve him of his maintenance obligations under OCGA § 19-7-2. The trial court erred in holding otherwise.

2. DHR also asserts that the trial court erred by refusing to hold Cowan in contempt for failing to pay child support. A parent cannot be held in contempt for the mere failure to pay child support, even though that parent is legally obligated to provide such support. See *Pittman v. Pittman*, 179 Ga. App. 454 (346 SE2d 594) (1986); *Crumb v. Gordon*, 157 Ga. App. 839, 842 (2) (278 SE2d 725) (1981). " 'The essence of civil contempt involved in a proceeding to enforce payment of an alimony or child support award is wilful disobedience of the court's order.' [Cit.]" *Costa v. Costa*, 249 Ga. 494, 495 (292 SE2d 73) (1982). A parent is not in wilful disobedience if he or she has a reasonable excuse for failing to provide the support. See *Pittman*, supra; *Crumb*, supra. "[T]he trial court's discretion in these matters is broad and [its] decision will be upheld if there is any evidence to support it." *Costa*, supra at 495. Accordingly, although we concluded in Division 1 that Cowan was legally obligated to provide support, he could be held in contempt only if his failure to pay was wilful and without a reasonable excuse.

The trial court found that Cowan's failure to pay child support was justified by his reasonable "belief that the children had been adopted, as well as for other reasons presented . . . in this case." A determination regarding the reasonableness of Cowan's excuse for not paying support would require a review of the evidence presented at the contempt hearing. However, "[t]hat hearing was not transcribed and no acceptable substitute for a transcript was submitted. See OCGA § 5-6-41 (g) and (i). In the absence of a transcript, we must assume that the trial court's findings were supported by the evidence. . . ." *Arrington v. Hand*, 193 Ga. App. 457, 458 (5) (388 SE2d 52) (1989). See also *Fint v. Johnson*, 229 Ga. 188 (190 SE2d 32) (1972). Accordingly, we find no error here.

3. In light of our holdings above, it is unnecessary to consider DHR's remaining enumeration of error.

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 19, 1996.

*Daniel J. Porter, District Attorney, Sherry S. Ellison, Assistant District Attorney, Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Kevin M. O'Connor, Assis-*

*tant Attorney General*, for appellant.
    *J. Curtis Hanks*, for appellee.