## A96A0824. DEPARTMENT OF HUMAN RESOURCES v. TABB.
(472 SE2d 540)

JOHNSON, Judge.

The Georgia Department of Human Resources (DHR) moved the superior court to hold Tabb in contempt for violating a provision of a divorce decree requiring him to support his children. The superior court denied the motion, and DHR appeals. We reverse.

In its order denying the motion, the superior court found the facts to be as follows:

Tabb and the children's mother were divorced in June 1984. The mother later remarried, and her new husband indicated that he wished to adopt the children. The mother's lawyer, in November 1988, sent Tabb a proposed surrender of Tabb's parental rights, which Tabb signed in December 1988 and returned to the attorney. The attorney wrote Tabb in May 1989, informing him that the stepfather was abandoning his attempt to adopt the children, and reiterating Tabb's support obligation. Tabb's lawyer wrote back in October 1990, asserting that Tabb's support obligation terminated the day he signed the surrender of parental rights.

Tabb asserted the same point in defending against the contempt motion, which was filed in June 1994. The trial court held that this reasoning was correct in denying the motion.

1. Tabb contends we are obligated to affirm the trial court's decision because we have no transcript of the proceedings below, and no substitute for such a transcript. See OCGA § 5-6-41 (g) and (i). It is frequently true that, when the appellant has made no proper showing on appeal of the facts before the trial court, we are required to presume that the facts supported the trial court's decision, and thus to affirm. See *Tadlock v. Duncan*, 215 Ga. App. 441, 442-443 (1), (2) (451 SE2d 80) (1994). In the case before us, however, the trial court's order is part of the record and contains findings of fact sufficient for analysis of the legal issues. Because the error alleged on appeal is one of law, and "[i]t is not the trial court's findings of *fact* that are disputed, . . . the lack of a transcript is no barrier to an appellate consideration of the merits of this appeal." (Emphasis in original.) *State v. Chase*, 195 Ga. App. 806, 807 (1) (395 SE2d 284) (1990). See Court of Appeals Rules 27 (a) (1) and (c) (3), which require that an argument on appeal be supported by citations to the record or transcript.

2. DHR contends that a court order is necessary to terminate a parent's support obligation, and that the trial court thus erred in concluding that Tabb's support obligation terminated when he signed the surrender in December 1988. OCGA § 19-7-2 provides: "It is the joint and several duty of each parent to provide for the maintenance, protection, and education of his or her child until the child reaches the age of majority, dies, marries, or becomes emancipated, which-

ever first occurs, except as otherwise authorized and ordered pursuant to subsection (e) of Code Section 19-6-15 and except to the extent that the duty of the parents is otherwise or further defined by court order." The references to OCGA § 19-6-15 (e) and other language inserted by a 1992 amendment to the statute are not relevant here.

In *Dept. of Human Resources v. Cowan*, 220 Ga. App. 230, 231-232 (1) (469 SE2d 384) (1996), this Court relied on OCGA § 19-7-2 in holding that a parent's "surrender of parental rights and his consent for adoption did not release him from his support obligation," but that a court order is instead required. Id. at 231. "While parental *powers* over a child may be forfeited [by agreement], we are aware of no law which permits a waiver of maintenance obligations by contract alone. See OCGA § 19-7-1 (b)." (Emphasis in original.) Id. at 231-232. Because there was no court order providing for the adoption of Tabb's children or otherwise terminating his support obligation, the trial court's decision is reversed.

The equitable doctrine of "virtual adoption," under which the conduct of the parties can create an implied adoption even without a court order, does not compel a different result. That doctrine has been confined by the Georgia Supreme Court to inheritance cases, and "is not applicable to a dispute as to who is legally responsible for the support of minor children." *Ellison v. Thompson*, 240 Ga. 594, 596 (242 SE2d 95) (1978).

Unlike the lower court's order in *Cowan*, the order in the present case contains no findings as to whether Tabb's failure to comply with the support provision of the divorce decree was wilful. A finding of wilfulness is necessary to hold a parent in contempt of a support order. *Cowan*, supra at 232 (2). The case is therefore remanded for further proceedings.

3. DHR also contends the trial court erred by modifying its support order in contempt proceedings to enforce that order. This contention is correct. "A trial judge in a contempt proceeding has no authority to modify the terms of a divorce and alimony judgment." (Citations and punctuation omitted.) *Perry v. Perry*, 265 Ga. 186, 188 (3) (454 SE2d 122) (1995). This includes modification of support obligations covered by OCGA § 19-7-2. Id. at 189.

*Judgment reversed and remanded with direction. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JUNE 18, 1996.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Stephanie M. Baldauff, Kevin M. O'Connor, Assistant Attorneys General*, for appellant.

*Randolph H. Phillips, Robert E. Baynard,* for appellee.