A96A1531. DEPARTMENT OF HUMAN RESOURCES v. BAKER.
(476 SE2d 41)

SMITH, Judge.

The Georgia Department of Human Resources filed a petition against Danny Baker seeking recovery of child support paid for two children born to him and his former wife. The trial court ruled that

Baker was not obligated to reimburse the Department for public assistance paid for the children during the period of time following Baker's execution of a "Surrender of Parental Rights/Final Release For Adoption" on April 4, 1988, when he was unaware that no adoption had taken place. We granted the Department's application for discretionary review of the trial court's order.[1] Baker has filed no brief in this Court.

Baker and his wife were divorced in 1986. The decree provided that Baker was to provide support for two children born of the marriage. His former wife married Charles McCannon in 1987. In 1988, Baker signed the surrender of parental rights to facilitate the children's adoption by his former wife's new husband. He testified that he did not know that the children had not been adopted until after this action was filed. He did, however, testify that he received notification from the Department; he simply believed it was in error. In fact, however, the adoption was never filed, and no order of adoption was ever entered. The former wife is now separated from her new husband. The evidence is in conflict as to whether she told Baker in 1989 that the adoption never took place.

The trial court found that Baker "lawfully and factually operated under the assumption that his children had been adopted. He had no relationship with them and was under no notice that persons or an agency were reasonably seeking child support." As a result, the trial court ordered that Baker immediately resume paying current child support but that he reimburse the Department only for the arrearage accrued after the date on which he was formally notified by the Department that he was responsible, September 3, 1992.

We reverse. The trial court's ruling is in conflict with the well-established principle that a parent may not contract away the statutory obligation imposed by OCGA § 19-7-2 to support his or her children. *Dept. of Human Resources v. Prince*, 198 Ga. App. 329, 331 (2) (401 SE2d 342) (1991). It is also in conflict with the recent holding of this Court in *Dept. of Human Resources v. Cowan*, 220 Ga. App. 230 (469 SE2d 384) (1996). We held in *Cowan* that the execution of a document voluntarily surrendering parental rights is insufficient to alter the statutory obligation of a parent to support his or her child. A court order is necessary to alter a parental support obligation to children. Id. at 231. This may be accomplished, for instance, by an order terminating parental rights, see *Dept. of Human Resources v.*

---

[1] The trial court determined that the total amount of child support owed by Baker was $8,850, with the Department receiving $8,570. Because this amount is under $10,000, discretionary review was proper. OCGA § 5-6-35 (a) (6). Judgments awarding amounts over this threshold are subject to direct appeal. *Dept. of Human Resources v. Johnson*, 175 Ga. App. 610 (333 SE2d 845) (1985).

*Ammons*, 206 Ga. App. 805, 806 (1) (426 SE2d 901) (1992), or by a final order of adoption. *Johnson v. Parrish*, 159 Ga. App. 613, 614 (1) (284 SE2d 111) (1981).

Although in some circumstances this may appear unfair, such a rule is necessary to ensure that support obligations for children are conclusively established and clear at all times. *Cowan*, supra at 231. In this case, no order was entered altering Baker's obligation to support his children. He was obligated by law to support them until and unless a court order altered that obligation, his belief regarding their adoption notwithstanding. The trial court erred in ruling otherwise.

*Judgment reversed. Pope, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 4, 1996.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Kevin O'Connor, Assistant Attorney General, for appellant.*

*John T. Brown, for appellee.*

