## A09A0315. GEORGIA DEPARTMENT OF HUMAN RESOURCES et al. v. GAMBLE.

(677 SE2d 713)

ADAMS, Judge.

The Department of Human Resources, Office of Child Support Services seeks reversal of a superior court order retroactively modifying a child support order during a civil contempt proceeding. We granted the Department's application for discretionary review of the decision below, and we now reverse.

Under certain circumstances, the Department is authorized by the Child Support Recovery Act to appear in judicial proceedings on behalf of the dependent child to enforce the child's right to support. See generally OCGA §§ 19-11-6; 19-11-7. In this case, the Department is seeking to enforce an order that required Willie J. Gamble, the noncustodial parent of M. G. (born 8/25/1988) and V. A. (born 10/03/1990), to pay the accumulated arrearage from failure to pay $416 per month child support in accordance with an order entered in September 2000. In October 2005, in response to a financial review of the case as required by OCGA § 19-11-12, the Department recommended that the existing order should remain unchanged. The Department also recommended:

> Support shall continue until the child or each respective child attains age 18, dies, marries or becomes emancipated; provided that said support shall continue, without further order and without interruption, for any child who, on reaching age 18, is enrolled in and attending secondary school and is not married or emancipated, until such child completes secondary school or reaches age 20, but in no event past the age of 20, whichever occurs first (OCGA § 19-6-15 (e)[,] (f)). Current child support shall pro-rate through the last full day that current support was due.

The Department recommended that child support arrears "should be repaid at the rate of $50.00 per MONTH." On December 28, 2005, the Department petitioned the Superior Court of Fulton County to adopt its recommendation.

On February 6, 2006, the court entered an order noting that the parties had agreed to settle their case and had asked the court to adopt their agreement as the order of the court. The order provides that the previous order shall remain the same; that current support shall be $416 per month; that past due support was owed in the amount of $21,144.68 including interest as of September 30, 2005; and that past due support shall be repaid at the rate of $50 per

month. The order repeated the Department's provision regarding continuation of support, quoted above. The court also ordered income deduction, effective immediately. Gamble consented to the order.

On September 7, 2007, the Department moved for contempt of the above order and submitted an affidavit showing that as of July 31, 2007, Gamble was in arrears in the amount of $34,484.04 including interest. Gamble acknowledged service, waived jurisdiction, and appeared at a hearing on the matter. At the June 3, 2008 hearing, the Department noted that one of the children, then 19 years old, had emancipated, and that the second child was 17. The Department added that the arrearage on support had grown to $40,352 of principal and interest as of April 30, 2008, and that virtually no payments had been received. The Department explained that it brought a contempt action "to get a purge amount of $8,000 or some type of arrangement for Mr. Gamble to begin paying the high arrearage." Gamble had no money that day to offer. He told the court that he thought that he did not owe payments for his older child once he turned eighteen and that he was also required to make support payments for two other children as a result of a recent divorce in an unrelated matter. He was, however, employed and took home about $400 a week. The court was concerned with Gamble's ability to pay support payments for four children and noted that he had not been given credit in this proceeding for the other two children. The court encouraged Gamble to petition for modification.

The court found Gamble to be in contempt for failing to timely and consistently pay the ordered support. But the court went on to order that Gamble's support payment be cut in half going forward because one child had already emancipated. The court also reduced the arrearage amount by one-half the amount accruing between the date of that child's emancipation and the date of the court's order. The Department appeals the portions of the court's order that modified Gamble's payment and arrearage.

In a contempt proceeding, the trial court lacks authority to modify the terms of a child support order, including support obligations covered by OCGA § 19-7-2. *Dept. of Human Resources v. Tabb*, 221 Ga. App. 766, 767 (3) (472 SE2d 540) (1996). See also *Dohn v. Dohn*, 276 Ga. 826, 828 (584 SE2d 250) (2003) (no power in contempt proceeding to modify terms of divorce decree). And "[a] permanent child support judgment is res judicata and enforceable until modified, vacated or set aside." (Citations and punctuation omitted.) *Allen v. Dept. of Human Resources*, 264 Ga. 119, 120 (441 SE2d 754) (1994). Therefore, a court may not change a support obligation retroactively. OCGA § 19-6-17 (e) (1)-(3) states as much:

Any payment or installment of support under any child support order is, on and after the date due a judgment by operation of law, with the full force and effect and attributes of a judgment of this state, including the ability to be enforced; entitled as a judgment to full faith and credit; and not subject to retroactive modification.

Nor may a court forgive any amounts owed in arrears. *Butterworth v. Butterworth*, 228 Ga. 277, 279 (3) (185 SE2d 59) (1971); *Ga. Dept. of Human Resources v. Prater*, 278 Ga. App. 900, 902 (2) (630 SE2d 145) (2006) ("trial court lacked authority to forgive [father's] child support arrearage"). See also *Anderson v. Anderson*, 230 Ga. 885 (199 SE2d 800) (1973) (trial judge in contempt proceeding has no authority to write off portion of arrearage or to reduce monthly payments).

Accordingly, that portion of the judgment modifying Gamble's support obligation and his arrearage is reversed. The case is remanded with direction that the trial court amend its order accordingly. See *Allen*, 264 Ga. at 120.

*Judgment reversed and case remanded with direction. Blackburn, P. J., and Doyle, J., concur.*

DECIDED APRIL 16, 2009.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Mark J. Cicero, Assistant Attorney General*, for appellant.

Willie J. Gamble, *pro se*.

