## A09A1617. JAMES-DICKENS v. PETIT-COMPERE.

(683 SE2d 83)

ANDREWS, Presiding Judge.

We granted Zarifa James-Dickens's application for a discretionary appeal from the trial court's denial of her request for a hearing concerning Ralph Petit-Compere's failure to pay child support. James-Dickens ("the mother") argues that a hearing should have been held because child support arrears are enforceable after an underlying order has expired. We agree and reverse for further proceedings.

As the father concedes on appeal, the facts are not in dispute. In October 2007, the mother petitioned the trial court for a 12-month temporary protective order (TPO) against Petit-Compere ("the father") for stalking. After a hearing, the trial court granted the TPO and ordered the father to pay child support. During the term of the TPO, the mother filed several requests for contempt hearings concerning the father's failure to pay child support. At three separate hearings, the trial court ordered the father to pay the amounts overdue. By the end of the TPO's 12-month period, the father had accumulated over $4,000 in arrears.

On October 7, 2008, the mother filed another request for a contempt hearing. The trial court rejected the mother's request on the ground that the TPO would expire before the hearing date. This appeal followed.

The trial court here entered its child support order under the authority of OCGA § 19-13-4 (a), which provides for the entry of protective orders to "bring about a cessation of acts of family violence." Such orders may include provisions requiring "either party to make payments for the support of a minor child as required by law." OCGA § 19-13-4 (a) (6). As to the continuing enforceability of the child support order, OCGA § 19-6-17 (e) provides:

*Any* payment or installment of support under *any* child support order is, on *and after* the date due:

(1) A judgment by operation of law, with the full force and effect and attributes of a judgment of this state, including the ability to be enforced;

(2) Entitled as a judgment to full faith and credit; and

(3) Not subject to retroactive modification.

(Emphasis supplied.) As we recently repeated, a child support judgment "is res judicata and enforceable until modified, vacated or set aside." *Ga. Dept. of Human Resources v. Gamble*, 297 Ga. App. 509, 510 (677 SE2d 713) (2009), quoting *Allen v. Dept. of Human Resources*, 264 Ga. 119, 120 (441 SE2d 754) (1994).

A trial court presiding over a civil contempt proceeding "lacks authority to modify the terms of a child support order," including a parent's support obligation. *Gamble*, 297 Ga. App. at 510. And a trial court may not forgive any child support in arrears. Id.; see also *Ga. Dept. of Human Resources v. Prater*, 278 Ga. App. 900, 903 (2) (630 SE2d 145) (2006) (trial court lacked authority to "simply forgive or reduce the past-due amount owed under a valid child support order"); *Anderson v. Anderson*, 230 Ga. 885, 886-887 (199 SE2d 800) (1973) (trial judge in contempt proceeding had no authority to "forgive" any portion of the child support a father had failed to pay, or to reduce his monthly payments). The fact that the protective order under which the child support was awarded was temporary rather than permanent does not change our result because each due installment of child support is itself an enforceable final judgment. OCGA § 19-6-17 (e) (1) ("any" child support order is enforceable "on and after" the date payment is due).

It follows from the above that the trial court erred when it denied a hearing concerning the father's arrears on the ground that the underlying anti-stalking protective order had expired. We therefore reverse and remand the case for further proceedings, including a hearing, consistent with this opinion.

*Judgment reversed and case remanded with direction. Miller, C. J., and Barnes, J., concur.*

DECIDED AUGUST 4, 2009.

*Sarah C. Cipperly*, for appellant.
*Puch, Barrett, Canale & Leslie, John C. Barrett*, for appellee.