**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 3, 2014**

# In the Court of Appeals of Georgia

A14A0075, A14A0076. WHEELER v. AKINS; and vice versa.

MILLER, Judge.

Jennifer Wheeler and William Akins are the parents of M. A., a minor child. In 2012, the trial court granted Akins's petition for a change of custody under OCGA § 19-9-3, terminated his obligation to pay child support, ordered Wheeler to pay child support, and set visitation. Akins later filed a motion for judgment notwithstanding the verdict ("j.n.o.v."), arguing that the child support award was not supported by the evidence. The trial court granted Akins's motion and issued a new order for support and visitation, leading to these appeals.

In Case No. A14A0075, Wheeler appeals from the trial court's order granting Akins's motion to set aside a previous order of support and visitation, increasing her child support obligation, decreasing her visitation, and ordering her to pay back child

support. Wheeler contends that the trial court erred in setting aside its earlier order and improperly ordered her to pay back child support. In his cross-appeal, in Case No. A14A0076, Akins attacks the same order and contends that the trial court abused its discretion in adjusting Wheeler's child support obligation based on her duty to support another child.

For the reasons that follow, we conclude that the trial court had the authority to set aside its earlier order, but erred in retroactively modifying Wheeler's child support obligation. We reverse that portion of the trial court's order. Accordingly, we affirm in part and reverse in part in Case No. A14A0075. We reverse and remand in Case No. A14A0076 because the trial court failed to make adequate findings to support its child support award.

The current child support guidelines require the trial court to make a series of calculations to determine the presumptive amount of child support. *Hamlin v. Ramey*, 291 Ga. App. 222, 223 (1) (661 SE2d 593) (2008). To justify a deviation from the presumptive amount of child support, a trial court must make written findings to explain, among other things, how the best interest of the children for whom support is being determined will be served by the deviation. *Black v. Black*, 292 Ga. 691, 697 (4) (a) (740 SE2d 613) (2013). These written findings are mandatory and, without

2

them, this case must be remanded to the trial court for further proceedings. *Brogdon v. Brogdon*, 290 Ga. 618, 623 (5) (b) (723 SE2d 421) (2012). We review decisions to deviate, or not to deviate, from the presumptive amount of child support for abuse of discretion. *Black*, supra, 292 Ga. at 697 (4) (a).

Here, the undisputed facts show that M. A. was born in 1997. In 1999, Wheeler, her mother, was awarded primary physical custody. In July 2011, at the age of 14, M. A. made an election under OCGA § 19-9-3 to live with Akins, her father. Based on M. A.'s election, Akins petitioned for primary physical custody. Akins also sought to terminate his child support obligation.

After a hearing, the trial court in October 2011 granted Akins's petition for change of custody, terminated Akins's child support, and reserved ruling on the question of Wheeler's child support. Following a subsequent hearing, the trial court issued an order on February 14, 2012, requiring Wheeler to pay Akins $160 per month in child support but delaying her first payment until May 5, 2012. The superior court's order also set out a detailed visitation schedule and awarded Wheeler visitation the first, third, and fourth weekends of every month, with Akins entitled to visitation on the second weekend of the month, as well as the fifth weekend of the month, when applicable.

Akins subsequently filed a motion for j.n.o.v. on February 28, 2012. In his motion, Akins argued that the evidence submitted at the hearing did not support the child support award. More than a year later, on May 21, 2013, after holding oral argument on the matter, the trial court granted Akins's motion for j.n.o.v., and issued a new order increasing Wheeler's child support obligation to $474 per month. The trial court also found that Wheeler owed back child support in the amount of $2,844 ($474 per month from October 2011 through May 2012) and ordered her to pay that amount in arrearage. Finally, the trial court modified the visitation schedule, granting Wheeler visitation the first and third weekends of the month, and the fifth weekend of the month, when applicable.

*Case No. A14A0075*

1. In related enumerations of error, Wheeler contends that the trial court erred in granting Akins's motion for j.n.o.v. Specifically, Wheeler argues that j.n.o.v. was improper because there was no jury verdict, Akins made no motion for a directed verdict, and the trial court had no authority to change the previously entered order on evidentiary grounds.

Regardless of the nomenclature, Akins's motion sought to set aside the trial court's judgment on the ground that it was not supported by the evidence.[1] See *Marshall v. State*, 229 Ga. 841 (1) (195 SE2d 12) (1972) (substance controls over nomenclature under rules of pleadings).

A "trial judge can grant a motion for new trial if the verdict is contrary to the evidence under OCGA § 5-5-20 or strongly against the weight of the evidence under OCGA § 5-5-21." (Citation and punctuation omitted.) *Moore v. Stewart*, 315 Ga. App. 388, 390-391 (3) (727 SE2d 159) (2012). The decision to grant a new trial is reviewed for abuse of discretion. *Beasley v. Paul*, 223 Ga. App. 706, 706-707 (1) (478 SE2d 899) (1996).

Similarly,

[d]uring the term in which a judgment is entered, a trial court has plenary control over it and has the discretion to set aside the judgment for irregularity, or because it was improvidently or inadvertently entered

---

[1] Although the trial court did not *rule* on Akins's motion until the following year, a court has inherent authority to reconsider its judgment so long as the motion to set aside is *filed* during the same term of court. *Stone v. Dawkins*, 192 Ga. App. 126 (384 SE2d 225) (1989). The trial court issued its order on February 14, 2012 and Akins filed his motion on February 28, 2012. In DeKalb County, the January term of court runs from the first Monday in January until the first Monday in March. OCGA § 15-6- 3 (37). Motions for new trial must be filed within 30 days of the judgment. OCGA § 5-5-40 (a). Accordingly, Akins's motion was timely under either procedure.

5

and for the purpose of promoting justice. A trial court's discretion in setting aside a judgment will not be disturbed unless manifestly abused. However, a trial court's discretion to set aside a judgment during the term it was entered is not without limits, and should be exercised for some meritorious reason. In this regard, a trial court is granted the discretion to determine what is a meritorious reason for setting aside one of its judgments, and an appellate court may reverse that discretion only if it is manifestly abused.

(Citations, footnotes, and punctuation omitted.) *Pope v. Pope*, 277 Ga. 333, 334 (588 SE2d 736) (2003). Consequently, although Akins's motion was styled as a j.n.o.v., the trial court had plenary authority to consider it as a motion for new trial or a motion to set aside the judgment.

2. Wheeler contends the court erred in finding in the 2013 order that she owed a child support arrearage. We agree.

[A] permanent child support judgment is res judicata and enforceable until modified, vacated or set aside. Therefore, a court may not change a support obligation retroactively. OCGA § 19-6-17 (e) (1) - (3) states as much: Any payment or installment of support under any child support order is, on and after the date due a judgment by operation of law, with the full force and effect and attributes of a judgment of this state, including the ability to be enforced; entitled as a judgment to full faith and credit; and not subject to retroactive modification.

6

(Citation and punctuation omitted.) *Ga. Dept. of Human Resources v. Gamble*, 297 Ga. App. 509, 510-511 (677 SE2d 713) (2009).

The trial court found that Wheeler owed an arrearage of $2,844. This figure apparently represents the total amount that would have been paid (at $474 per month) from October 2011, when Akins was granted custody, through May 2012 when Wheeler was ordered to start paying child support.[2] A retroactive modification of child support is not permitted. *Gamble*, supra, 297 Ga. App. at 510. Accordingly, this portion of the trial court's order must be reversed.

*Case No. A14A0076*

3. In his cross-appeal, Akins contends the trial court erred in adjusting Wheeler's child support obligation based on the fact that she supports another child. Because the trial court failed to find whether the adjustment was in M. A.'s best interest, we agree.

"According to the child support guidelines, the first step a court must take when calculating the presumptive amount of child support is to determine the monthly gross income of both parents." (Citation omitted.) *Stowell v. Huguenard*, 288

---

[2] Nothing in the order explains why the trial court chose the $474 per month amount for this six-month period, rather than the $160 per month amount, which is what Wheeler was paying from May 2012 until May 2013.

7

Ga. 628 (706 SE2d 419) (2011). Courts may consider a parent's obligation to support other "qualified children" for the purpose of reducing the parent's gross income. See OCGA § 19-6-15 (f) (5) (C). A qualified child is a child (1) for whom the parent is legally responsible and who lives in the parent's home; (2) that the parent is supporting; (3) who is not otherwise subject to a preexisting child support order; and (4) who is not the child before the court in the case under consideration. OCGA § 19-6-15 (a) (20). "Qualified children shall not include stepchildren or other minors in the home that the parent has no legal obligation to support." Id. Adjustments to gross income for qualified children must be based on the best interest of the child for whom child support is being awarded. OCGA § 19-6-15 (f) (5) (C).

Once a trial court determines the parents' gross income, various calculations are then required to determine the presumptive amount of child support due. See *Stowell*, supra, 288 Ga. at 628-629 (OCGA § 19-6-15 (b) requires the trial court to use the child support schedule to determine and calculate the presumptive amounts of child support). Once the presumptive amount of child support is determined, then the trial court must decide whether to deviate from the presumptive amount. OCGA § 19-6-15 (b).

In the 2013 order, the trial court found that, after taking into consideration Wheeler's obligation to support her other child, the presumptive amount of child support was $474 per month. Akins argues that there was insufficient evidence to support any downward deviation from the presumptive child support award. In the 2013 award, the trial court struck all the downward deviations for debt and parenting time that had been in place in the 2012 order and ordered Wheeler to pay the full presumptive amount of child support. Contrary to Akins's contention, adjustments for other qualified children are not deviations. Adjustments need not be supported by the same sort of extensive factual findings that are required when trial courts deviate from the presumptive amount of child support. Cf. *Brodgon*, supra, 290 Ga. at 623 (5) (b) (trial court must state reason for deviation and how application of the presumptive amount would be unjust or inappropriate). Nevertheless, adjustments for qualified children must still be based upon the best interest of the child for whom support is being awarded. OCGA § 19-6-15 (f) (5) (C). Here, the trial court failed to make *any* findings in its 2013 order regarding M. A.'s best interest and, for this reason, we have no choice but to reverse and remand the case to the trial court so that it can make the proper findings to support its award. See *Brogdon*, supra, 290 Ga. at 623 (5) (b).

9

In sum, we affirm the portion of the trial court's 2013 order setting aside its prior order. We reverse the portion of the order retroactively modifying Wheeler's child support obligation, and we reverse and remand for the trial court to make adequate findings to support the qualified child adjustment to Wheeler's child support obligation.[3]

*Judgment affirmed in part and reversed in part in A14A0075, and reversed and remanded with direction in A14A0076. Doyle, P. J., and Dillard, J., concur.*

---

[3] Akins's separate motions to remand both appeals and dismiss Wheeler's appeal (A14A0075) are denied as moot.