**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**June 4, 2020**

# In the Court of Appeals of Georgia

A20A0601. PEREZ v. CUNNINGHAM.                    DO-019

DOYLE, Presiding Judge.

In this discretionary appeal, Hector Perez, Jr., seeks review of a trial court order modifying his child support obligation. He contends that the trial court erred by retroactively modifying his child support obligation and by improperly applying an upward deviation based on his lack of parenting time without making sufficient factual findings. For the reasons that follow, we vacate the trial court's order and remand with direction.

The material facts are undisputed. Perez and Christina Cunningham are the unwed parents of one child who was born in June 2001. In June 2014, the trial court entered a consent order, awarding Cunningham sole legal and physical custody of the child. The court determined that Perez's presumptive amount of child support was

$492.47 per month, but because Cunningham owed Perez a child support arrearage of $7,632, the court awarded Perez a downward deviation in his support obligation. Accordingly, the court ordered Cunningham to pay Perez $212 per month for 36 months to pay off the arrearage and ordered Perez to pay Cunningham $280 per month until the child turned 18 years old, died, married, or otherwise became emancipated.

Thereafter, on December 15, 2017, Cunningham filed a petition for modification of child support. In it, she apparently argued that Perez's income had increased substantially and that he had failed to exercise any visitation with the child since June 2014. Following a bench trial, the trial court determined that Perez's income was approximately $90,000 in 2017 and 2018, and he was living a comfortable lifestyle, including trips abroad. Cunningham has been unemployed since 2015, and the trial court imputed a minimum-wage income to her. The court also applied a parenting-time deviation in Cunningham's favor in the amount of $300 because Perez had not exercised any visitation whatsoever. Based on these findings, the trial court modified Perez's child support obligation to $1,267 per month, retroactive to the date of the modification petition. We granted Perez's application for discretionary review.

We review a trial court's ruling on a petition to modify child support for abuse of discretion,[1] and we will uphold the factual findings underlying the ruling if they are supported by any evidence.[2] The trial court's application of the law to the facts is reviewed de novo.[3]

1. Perez argues that the trial court erred by retroactively modifying his child support obligation. We agree.

It is well-established that "[a] child support judgment [cannot] not be modified retroactively."[4] Nevertheless, in its order entered on January 18, 2019, the trial court determined that Perez was responsible for paying the increased support obligation beginning January 1, 2018, the month after Cunningham filed her modification petition. Accordingly, the trial court ordered Perez to pay Cunningham an arrearage of $12,831 to account for the time before the order was entered. Thus, the trial court's

---

[1] See *Wright v. Wright*, 246 Ga. 81, 83 (1) (268 SE2d 666) (1980).

[2] See *Gowins v. Gary*, 288 Ga. App. 409, 410 (654 SE2d 162) (2007).

[3] See *Dept. of Human Resources v. Woodruff*, 234 Ga. App. 513 (507 SE2d 249) (1998).

[4] (Punctuation omitted.) *Jarrett v. Jarrett*, 259 Ga. 560, 561 (1) (385 SE2d 279) (1989); see OCGA § 19-6-17 (e) (3) ("Any payment or installment of support under any child support order is, on and after the date due . . . [n]ot subject to retroactive modification.").

3

increase of Perez's child support obligation retroactive to the date of Cunningham's petition was contrary to law.[5] Accordingly, we vacate the trial court's modification and remand for the court to enter a new order on a prospective basis from the date of the final order, January 18, 2019.[6]

2. Perez also argues that the trial court erred by applying a parenting-time deviation of $300 because Cunningham failed to present any evidence of additional child-rearing expenses due to her additional parenting time and that the court failed to make adequate findings of fact. We agree that the record appears unclear on this question, and we remand for entry of appropriate factual findings.

A trial court is authorized to deviate "from the presumptive amount of child support when special circumstances make the presumptive amount of child support

---

[5] See *Allen v. Ga. Dept. of Human Resources*, 264 Ga. 119, 120 (441 SE2d 754) (1994) (reversing an award because the trial court retroactively increased the child support obligation to the date of the modification action); see also *Galvin v. Galvin*, 288 Ga. 125, 126 (1) (702 SE2d 155) (2010) (holding that the trial court did not err by refusing to make a downward modification of child support retroactive to the date the father sought modification because "[t]he modification of a support obligation payable in installments pursuant to a judgment is effective no earlier than the date of the judgment of modification").

[6] See, e.g., *Allen*, 264 Ga. at 120 (reversing an award and remanding to the trial court with instruction to amend its order to make it prospective only).

4

excessive or inadequate" due to, inter alia, "*visitation rights not being utilized*."[7]

Here, the trial court applied a parenting-time deviation in Cunningham's favor in the amount of $300 because Perez did not exercise visitation for the four and one-half years leading up to the hearing. There was evidence to support this finding,[8] but in order to support such a deviation, the trial court:

> *shall make written findings* or special interrogatory findings that an amount of child support other than the amount calculated is reasonably necessary to provide for the needs of the child for whom child support is being determined *and the order* or special interrogatory *shall state*: (i) The reasons for the deviation from the presumptive amount of child support; (ii) The amount of child support that would have been required under this Code section if the presumptive amount of child support had not been rebutted; and (iii) How, in its determination: (I) Application of the presumptive amount of child support would be unjust or inappropriate; and (II) The best interest of the child for whom support is being determined will be served by deviation from the presumptive amount of child support.[9]

---

[7] OCGA § 19-6-15 (i) (2) (K) (i) (emphasis supplied).

[8] See *Gowins*, 288 Ga. App. at 410 (noting that we will uphold the factual findings underlying a support modification if they are supported by "any evidence")

[9] (Emphasis supplied.) OCGA § 19-6-15 (i) (1) (B).

In the instant case, the trial court determined that Perez's presumptive amount of child support was $967.49. With regards to the parenting-time deviation, the trial court made no findings in the child support addendum or in its order. Similarly, in the child support worksheet docketed in January 2019 and incorporated into the final order, the court provided inadequate, single-word responses in the sections corresponding to the written findings required by OCGA § 19-6-15 (i) (1) (B).[10] Another worksheet from December 2017 appears in the record with more extensive findings, but it appears that the court did not incorporate the 2017 findings into its final order. In light of this conflicting record, and the explicit incorporation of inadequate written findings in the January 2019 worksheet, we vacate the $300 parenting-time deviation and remand for the court to enter appropriate factual findings, supported by the record, to support any deviation based on Perez's failure to engage in visitation.[11] Any deviation shall be prospective from January 18, 2019.

---

[10] For example, OCGA § 19-6-15 (i) (1) (B) (iii) requires a finding describing "[h]ow, in [the court's] determination: (I) [a]pplication of the presumptive amount of child support would be unjust or inappropriate; and (II) [t]he best interest of the child for whom support is being determined will be served by deviation from the presumptive amount of child support." The January 2019 worksheet simply states "yes" to both questions.

[11] See generally *Brogdon v. Brogdon*, 290 Ga. 618, 624-625 (5) (b) (723 SE2d 421) (2012) (holding that support award did not comply with the statute when it contained no findings in support of deviation for extraordinary educational expenses, because it did not

6

*Judgment vacated and case remanded with direction. McFadden, C. J., and*

*Hodges, J., concur.*

---

explain "the reasons for the deviation, [i.e.] . . . how the application of the guidelines would be unjust or inappropriate considering the relative ability of each parent to provide support and how the best interest[s] of the children who are subject to this child support determination is served by deviation from the presumptive amount of child support") (punctuation omitted); *Wheeler v. Akins*, 327 Ga. App. 830, 834 (3) (761 SE2d 383) (2014).